IN RE COVERT ET AL., ALLEGED DEPENDENT CHILDREN.

(No. 13-83-1—Decided June 14, 1984.)

*Arturo M. Quintero,* for appellants.
*Elaine Knutson,* for appellee.
*Fred Daniels,* guardian ad litem, *pro se.*

MILLER, P.J. This is an appeal by the parents of the children herein from a judgment of the Court of Common Pleas of Seneca County, Juvenile Division, placing permanent custody of the children in the Seneca County Welfare Department and divesting the parents of all parental rights.

On August 23, 1982, a complaint was filed alleging the children to be dependent and seeking their permanent custody, together with a motion for temporary custody pending hearing on the request for permanent custody.

On August 24, 1982, a hearing was held on the motion for temporary custody, resulting in an order that the children be placed in the physical temporary care and custody of the Seneca County Welfare Department pending a permanent custody hearing.

An adjudicatory hearing was held on October 4 and October 13, 1982, resulting in a finding of dependency, and a dispositional hearing was held on October 26, 1982 with the trial court entering its judgment which, in pertinent part, is as follows:

"Having made the adjudication of dependency, the Court held a Dispositional hearing on October 26, 1982. The Court, from the evidence, finds that the parents have acted in such a manner that the children are without adequate parental care and it is likely that the parents will continue to act in such a manner that the children will continue to be children without parental care if a

reunification plan were prepared pursuant to Section 2151.412 of the Revised Code. The Court further finds from the evidence that Larry, Brian, and Jason have been in the temporary legal custody of the Seneca County Welfare Department for approximately two (2) years and that the home situation has not shown any substantial improvement during that period. The Court further finds that the Seneca County Welfare Department has made a good faith effort to reunite this family and to improve home conditions. The Court further finds that relatives of the parents have tried to improve the situation also.

"The Court further finds that a permanent commitment is in the best interests of the children.

"It is therefore ORDERED, ADJUDGED and DECREED that the children be, and hereby are, placed in the permanent custody of the Seneca County Welfare Department and the parents are hereby divested of all parental rights, duties, privileges, and obligations, including the right to consent to adoption, and including all residual rights and obligations."

The parents of the children appeal from the above judgment entry setting forth two assignments of error:

"I. The Court erred in that no clear and convincing evidence established that a good faith effort was made by the Seneca County Welfare Department to either implement a comprehensive reunification plan or to rehabilitate and reunite the family without a plan or that such an attempt would be futile, as required by sections 2151.353, 2151.412, and 2151.414 Ohio Revised Code.

"II. The Court erred in that no clear and convincing evidence was introduced to support a finding that it is likely that the appellants would continue to act in such a manner that their children will continue to be without adequate parental care, as required by sec-

tions 2151.353(A)(4) and 2151.414 Ohio Revised Code.''

R.C. 2151.353 provides in part that:

''(A) If the child is adjudged an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

''* * *

''(4) Commit the child to the permanent custody of the county department of welfare which has assumed the administration of child welfare, county children services board, or to any other certified organization, if the court determines that the parents have acted in such a manner that the child is a child without adequate parental care, it is likely that the parents would continue to act in such a manner that the child will continue to be a child without adequate parental care if a reunification plan were prepared pursuant to section 2151.412 of the Revised Code, and the permanent commitment is in the best interests of the child. If the court grants permanent custody under this division, the court, upon the request of any party, shall file a written opinion setting forth its findings of fact and conclusions of law in relation to the proceeding. * * *''

There was substantial evidence from numerous witnesses as to the conditions of the home of the children and of their environment. Such evidence would indicate that the children were dirty, often smelled of urine, and were not suitably clothed; that the house was unkept, smelled of human excrement which, on occasion, was permitted to accumulate in a toilet which was not in working condition; and that the combined conditions constituted a health hazard to the children.

There was also evidence that the welfare department had worked with appellants on basic housekeeping and cleanliness over a two-year period, with a showing of improvement only for brief periods of time and then a lapse into the former situation.

R.C. 2151.011(A)(17) provides:

'' 'Adequate parental care' means the provision of adequate food, clothing, and shelter to ensure a child's health and physical safety and the provision of specialized services warranted by a child's physical or mental needs.''

While there was testimony by a therapist that indicated a belief that the family could be reunited in about six months, the evidence was in dispute and the findings of the trial court were amply supported by the evidence.

Although reference is made by appellants to R.C. 2151.412 and 2151.414, those sections pertain only where the child or children have previously been determined dependent, neglected or abused, their temporary custody has been committed to a children services board, a welfare department or a certified organization, and an order is sought changing temporary to permanent custody.

Here the original request was for permanent custody, the order of temporary custody being only an order of temporary nature pending hearing on the complaint as provided by R.C. 2151.33.

Thus R.C. 2151.412 and 2151.414 were not applicable herein.

Finding no error on the part of the trial court prejudicial to appellants as assigned and argued, we affirm the trial court's judgment.

*Judgment affirmed.*

GUERNSEY and CONNORS, JJ., concur.

CONNORS, J., of the Sixth Appellate District, sitting by assignment in the Third Appellate District.