OPINION AND JUDGMENT ENTRY
This is an appeal from a judgment of the Lucas County Court of Common Pleas, Juvenile Division, which granted permanent custody of Misty B., Anthony B., Skylar B. and William B. to appellee Lucas County Children Services ("LCCS"). For the reasons that follow, this court affirms the judgment of the trial court.
Appellants Angela B. and Anthony B., parents of the four children, set forth the following assignment of error:
 "THE TRIAL COURT COMMITTED SEVERAL ERRORS, HARMLESS IN THEMSELVES, WHICH TOGETHER DEPRIVED THE PARENTS OF A FAIR TRIAL."
The facts that are relevant to the issues raised on appeal are as follows. Appellants Angela and Anthony B. are the parents of Misty, born September 2, 1987; Anthony, born September 30, 1989; Skylar, born August 1, 1991, and William, born August 14, 1997. On July 22, 1998, the trial court issued an ex parte
order awarding emergency custody of the four children to LCCS. On July 23, 1998, appellee filed a "COMPLAINT IN DEPENDENCY AND NEGLECT AND MOTION FOR SHELTER CARE HEARING." In its complaint, appellee alleged that: 1) on June 27, 1997, the trial court had issued an ex parte order granting custody of Misty, Anthony and Skylar to LCCS after the agency learned a) that the children were living in a home strewn with garbage and debris and other objects which posed a danger for the children; b) that the children had revealed their parents abused alcohol and cocaine; c) that appellants were sending the children from the home unsupervised from morning until night; d) that the children had been begging for food and e) that there was a history of domestic violence between the parents; 2) on June 18, 1998, legal custody of Anthony was returned to Angela and the agency's protective supervision of Misty and Anthony was terminated; 3) on June 23, 1998, Angela admitted to her caseworker that she had been drinking again and had used marijuana since she started drinking; 4) Angela started a relapse prevention program at COMPASS on July 1, 1998, but her attendance was sporadic and she tested positive for marijuana on two occasions since starting the program; 5) after Angela was told by her caseworker to take William to the doctor to have a painful leg checked, she delayed taking the child in for two days, at which time it was discovered that he had a spiral fracture; 6) contrary to her caseworker's advice, Angela allowed her boyfriend, who suffered from bi-polar disorder and was not taking medication, to move in with her and 7) Anthony B. had been incarcerated since August 1997 and was not scheduled to be released until November 1998. The agency asked the trial court to grant the motion for shelter care and schedule the matter for an adjudication hearing.
On September 1, 1998, LCCS filed an "AMENDED COMPLAINT IN DEPENDENCY AND NEGLECT: PERMANENT CUSTODY," in which the agency asked for permanent custody of the children because neither parent had made progress during the past year and the children continued to be at risk. On October 14, 1998, adjudicatory and dispositional hearings were held. At the conclusion of the adjudicatory phase of the hearing, the trial court found that William is a dependent and neglected child and that Anthony, Skylar and Misty are dependent children. At the conclusion of the dispositional phase, the court took the matter under advisement.
On November 24, 1998, the trial court filed its judgment entry in which it found that: 1) Angela had demonstrated a lack of commitment to the children by failing to practice in her daily life what she had been taught in treatment and by failing to complete services offered her which would have allowed her to be reunited with her children; 2) LCCS had offered services to Angela from June 1997 to the present but Angela was unable to remain sober; 3) Anthony B. had been offered services to address substance abuse, parenting skills and domestic violence but was unable to avail himself of the services due to his lengthy incarceration; 4) the children cannot and should not be returned to the care of either parent within a reasonable period of time and it is in their best interest for permanent custody to be awarded to LCCS; 5) both parents' chemical dependency is so severe that they are unable to provide an adequate permanent home at the present time or, as anticipated, within one year after the date of the hearing; 6) the parents have failed continuously and repeatedly to substantially remedy the conditions causing the children to be removed from the home and 7) LCCS made reasonable efforts to prevent the need to remove the children from the home, but such efforts were unsuccessful. The trial court then awarded permanent custody of Misty, Anthony, Skylar and William to the Lucas County Children Services Board. It is from that judgment that appellants appeal.
In their sole assignment of error, appellants assert that during the course of the adjudication and disposition hearings the trial court committed errors, each harmless, but which together deprived them of a fair trial. In support of their assignment of error, appellants assert the following arguments.
Appellants first assert that the trial court committed error by interrupting counsel for Angela and counsel for Anthony B. while they questioned witnesses. Appellants, however, fail to explain how the trial court's actions amounted to error or how they might have been prejudiced thereby. We find this argument to be without merit.
Appellants next assert that they were prejudiced because appellee did not file the case plan until the day of the hearing, which deprived them of the opportunity to question the specifics of the plan or object to the goal of permanent custody. They further assert that the trial court erred by allowing the hearing to proceed despite the failure of LCCS to timely file a case plan.
Appellants cite R.C. 2151.412(C), which states in part that "[a]ll parts of the case plan shall be completed by the earlier of thirty days after the adjudicatory hearing or the date of the dispositional hearing for the child." The record in this case shows that appellants' case plan was filed with the court on the date of the hearing.
R.C. 2151.412 requires that the agency prepare and maintain a case plan after an award of temporary custody has been given to the agency. This case, however, did not originate with temporary custody being given to LCCS but was an action for permanent custody pursuant to R.C. 2151.353(A)(4). Ohio courts have held that a case plan is required only when a child is committed to the temporary custody of the department of public welfare pursuant to R.C. 2151.353(A)(2) or (A)(3). See In reKoballa (Jan. 24, 1985), Cuyahoga App. Nos. 48417 and 48480, unreported. "R.C. 2151.412 and 2151.414 are applicable only where the child or children have previously been determined dependent, neglected or abused, their temporary custody has been committed to a children services board, a welfare department or a certified organization, and an order is sought changing temporary to permanent custody. These sections are not applicable where the original request was for permanent custody, and an order of temporary custody was issued pending hearing on the complaint as provided by R.C. 2151.353." In re Covert (1984), 17 Ohio App.3d 122;In re Pachin (1988), 50 Ohio App.3d 44.
It is clear that LCCS was proceeding in this case pursuant to R.C. 2151.353(A)(4). The children had not previously been adjudicated dependent, neglected or abused and the agency was seeking original permanent custody, not a change from temporary to permanent custody. A case plan therefore was not required under these circumstances and the trial court acted properly. Appellants' argument therefore is without merit.
As to appellants' claim that the trial court committed several harmless errors which cumulatively deprived them of a fair trial, we find that, since there were no individual cognizable errors in this case, there therefore can be no cumulative error. Accordingly, based on the foregoing, this court finds appellants' sole assignment of error not well-taken.
On consideration whereof, this court finds that substantial justice was done the parties complaining and the judgment of the Lucas County Court of Common Pleas, Juvenile Division, is affirmed. Costs of this appeal are assessed to appellants.
JUDGMENT AFFIRMED
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
 James R. Sherck, J. _______________________________ JUDGE Richard W. Knepper, J. _______________________________ JUDGE Mark L. Pietrykowski, J. _______________________________ JUDGE
CONCUR.