JOURNAL ENTRY AND OPINION
Appellant Ethel Johnson appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, to terminate her parental rights as to her daughter, Diesha Johnson (dob 6/26/98).
The complaint filed on November 15, 1999, by the Cuyahoga County Department of Children and Family Services (CCDCFS), requested that emergency custody of Diesha Johnson be continued and that the court grant permanent custody to the agency. On the same date, CCDCFS filed a motion for determination that reasonable efforts were not required to prevent the removal of the child from the appellant. The reasons given for this motion were: 1) the goal is to achieve permanency for the child; and, 2) reunification would not be in the child's best interest. The basis for this motion was that the appellant has had her parental rights terminated with respect to siblings of Diesha. The motion was granted on March 8, 2000. On April 6, 2000, the court held the adjudicatory hearing, and on April 7, 2000, the court found there to be clear and convincing evidence upon which to adjudicate Diesha to be dependent. The record reveals that the case plan was filed with the court on April 7, 2000.
The initial dispositional hearing was held on May 4, 2000 and May 5, 2000. In the nunc pro tunc journal entry signed on August 23, 2000 and journalized September 19, 2000, the court found that the appellant has had three children previously removed from her care; the appellant has formed a bond with Diesha and visits the child regularly, however, the appellant has been beset with problems regarding drugs since her minority and throughout her adult life; the case plan has not been completed; the appellant failed recent drug screening tests and has not completed aftercare; the appellant's long term drug problem and impending criminal charges have created an uncertain status as to her ability to ever provide for the care of one child, let alone two children[1] and that even though the appellant has made progress on the case plan, returning the children would place the children at risk.
Based on the foregoing, the court found by clear and convincing evidence that the appellant failed to repeatedly and continuously to substantially remedy the conditions causing the child to be placed outside the home; the chronic chemical dependency of the appellant is so severe that it prevents her from providing an adequate permanent home for the child within one year from the date of the hearing; the appellant's communications to and visitations with the child would be taken into consideration. Notwithstanding this order, the trial court then deferred final judgment as to Diesha until June 21, 2000, in order to review the status of the appellant with regard to her criminal charges. The court also stated that it would review the case plan with the appellant and determine whether the appellant had just cause not to comply with all of the facets thereof.
This further hearing was held on August 24, 2000. The court entered the following facts in its journal entry signed on September 13, 2000 and journalized on September 19, 2000:
 1) Following the May 5, 2000 hearing, Ethel Johnson appeared before Judge Boyko in the Common Pleas General Division and was found to be a probation violator.
 2) Judge Boyko ordered her into rehabilitation and she was to report to Harbordale, which she finally did on June 21, 2000.
 3) She was to remain at Harbordale for 60 to 90 days, but was discharged from said facility on July 21, 2000 because of an altercation with staff.
 4) Upon discharge from Harbordale, she was returned to jail until she could again appear before Judge Boyko, who felt he could no longer keep from sentencing her since this was her second probation violation.
 5) Ethel had at least 2 positive urine screens since the May 5, 2000 hearing, one on June 20, 2000 and one on July 3, 2000.
 6) Ethel Johnson has been committed to jail for 6 months by Judge Boyko with credit to be given for time served. She is not now, nor will she be in a position in the foreseeable future to care for Diesha.
7) She has no employment.
8) She continues to have a severe drug problem.
The court found that as no mitigating circumstances had occurred since the May 5, 2000 hearing, nothing prevented the court from going forward with a grant of permanent custody. The court incorporated the prior order, and additionally found that the appellant will be incarcerated until December 1, 2000 and will have difficulty obtaining employment, housing, and participating in the new case plan. The court found by clear and convincing evidence that the child reacted well with her foster parents and the other children in the foster home; the child has had little contact with her mother; the child has been in the custody of CCDCFS for a great deal of her life; the foster parents wish to adopt; the child is in need of a secure placement which cannot be achieved without a grant of permanent custody to CCDCFS; and that the appellant is incarcerated for a six-month period. The appellant's parental rights were terminated and the child was placed in the permanent custody of CCDCFS.
The appellant sets forth two assignments of error.
The first assignment of error:
 THE TRIAL COURT VIOLATED MS. JOHNSON'S DUE PROCESS RIGHTS WHEN IT GRANTED PERMANENT CUSTODY OF HER CHILD, DIESHA JOHNSON, WITHOUT THE PROPER FILING OF A CASE PLAN PURSUANT TO OHIO REVISED CODE SECTION 2151.412(C).
The appellant asserts that R.C. 2151.412(C) requires the case plan to be filed with the court prior to the adjudicatory hearing, but no later than thirty days after the earlier date on which the complaint in the case was filed or the child was first placed into shelter care. As the appellant notes, the case plan in this case was not filed with the trial court until after the adjudicatory hearing.
The appellant has correctly set forth the legislative enactment in R.C. 2151.412(C). It is clear in this case that the statutory deadline was not met. However, in In re Misty B. (Sept. 17, 1999), Lucas App. No. L-98-1431, unreported, the appellate court considered the same argument as made by the appellant herein. The Lucas County Court of Appeals held:
 R.C. 2151.412 requires that the agency prepare and maintain a case plan after an award of temporary custody has been given to the agency. This case, however, did not originate with temporary custody being given to LCCS but was an action for permanent custody pursuant to R.C. 2151.353(A)(4). Ohio courts have held that a case plan is required only when a child is committed to the temporary custody of the department of public welfare pursuant to R.C. 2151.353(A)(2) or (A)(3). See In re Koballa, 1985 Ohio App. LEXIS 5549 (Jan. 24, 1985), Cuyahoga App. Nos. 48417 and 48480, unreported. R.C. 2151.412 and 2151.414
are applicable only where the child or children have previously been determined dependent, neglected or abused, their temporary custody has been committed to a children services board, a welfare department or a certified organization, and an order is sought changing temporary to permanent custody. These sections are not applicable where the original request was for permanent custody, and an order of temporary custody was issued pending hearing on the complaint as provided by R.C. 2151.353. In re Covert (1984), 17 Ohio App.3d 122, 477 N.E.2d 678; In re Pachin (1988), 50 Ohio App.3d 44, 552 N.E.2d 655.
 It is clear that LCCS was proceeding in this case pursuant to R.C. 2151.353(A)(4). The children had not previously been adjudicated dependent, neglected or abused and the agency was seeking original permanent custody, not a change from temporary to permanent custody. A case plan therefore was not required under these circumstances and the trial court acted properly.
The trial court in the case sub judice, just as in In re Misty, was presiding over an action for permanent custody, not a change from temporary to permanent custody. Therefore, the trial court did not err in permitting CCDCFS to file the case plan after the adjudicatory hearing.[2]
The appellant's first assignment of error is overruled.
The second assignment of error:
 THE TRIAL COURT VIOLATED MS. JOHNSON'S DUE PROCESS RIGHTS AND HER ESSENTIAL RIGHT TO PARENT HER CHILD BY FINDING THAT A GRANT OF PERMANENT CUSTODY WAS IN THE BEST INTEREST OF DIESHA JOHNSON.
The appellant essentially argues that the trial court failed to consider the bond formed by the appellant and her daughter when it determined that granting permanent custody to CCDCFS was in the child's best interest.
The appellant's assertion is incorrect. As noted in the facts supra, the trial court explicitly considered the bond between mother and child and recognized that the appellant had visited and communicated with her daughter. See the nunc pro tunc entry signed on August 23, 2000 and journalized on September 19, 2000.
The appellant's second assignment of error is overruled.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
TIMOTHY E. McMONAGLE, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] Another sibling was taken into emergency custody at the same time as Diesha, but no appeal has been taken as to this sibling.
[2] This court notes that the appellant admitted during her hearing that she had received the case plan, was familiar with the plan, and had been working on the plan (T. of 4/6/00, 51). Thus, any error would be harmless.