SCHEB, Judge.
Petitioners contend the trial judge erred in denying the State Attorney’s motion requesting payment of expert witness fees for staff members of the state hospital subpoenaed to testify as to competency of a defendant in a criminal case. We denied the Attorney General’s motion to dismiss on grounds the trial court’s order was not appealable and we elected to treat the notice of appeal as a petition for a writ of certiorari. Upon review of the record and briefs, we hold the trial court was correct in ruling that petitioners were entitled only to per diem and travel expenses and not to expert witness fees. We deny the petition.
The basic facts here are undisputed. On May 11, 1973, the State charged Arthur Lee Williams with second degree murder. On June 7, 1973, the trial court found the defendant Williams incompetent to stand trial and certified him to the State Mental Hospital in Chattahoochee where he received treatment. Upon his discharge on October 2, 1974, he was returned to the trial court which found him incompetent to stand trial and recommitted him to the hospital on November 5, 1974. Again, the defendant Williams was returned to the trial court by order entered April 22, 1975, following a letter from one of the circuit judges on March 19, 1975, informing the state hospital that testimony of certain of its staff members would be required at a *55 prospective hearing under RCrP 3.210(a). The petitioners, Dr. Modesto F. Hevia, a psychiatrist, and Ms. Susan LaFehr, psychologist,[1] testified under subpoena at that hearing. At the conclusion of the hearing the trial judge found Williams still incompetent to stand trial and ordered him returned to the state hospital at Chattahoochee. The State Attorney then moved for payment of costs of $596.02 to pay expenses and per diem of petitioners, including expert witness fees. The trial judge held that petitioners, as state employees, were subpoenaed and testified as part of their job assignment and were not entitled to reimbursement beyond per diem and travel expenses. We direct our attention to so much of that order as denied petitioners’ request for expert witness fees.
Petitioners Dr. Hevia and Ms. LaFehr contend they came within the scope of Fla.Stat. § 914.06 which provides for award of reasonable compensation to expert witnesses who testify in felony cases. Petitioners further cite Fla.Stat. § 918.11, which provides:
“Expert witnesses appointed by the court to determine the mental condition of a defendant in a criminal case shall be allowed reasonable fees for services rendered as witnesses, which shall be paid by the county where the indictment was found or the information or affidavit was filed. The fees shall be taxed as costs in the case.”
The State, on the other hand, contends the petitioners were representing the Florida Department of Health and Rehabilitative Services and that the records they produced and their testimony were all the result of services performed on behalf of the State in their course of employment.
We do not construe Fla.Stat. § 914.06 as mandating a trial judge to award expert witness fees to state employees testifying on state time in reference to matters for which they bear a direct and continuing responsibility, nor do we equate their appearance with an entitlement to a fee under Fla.Stat. § 918.11, which authorizes appointment of expert witnesses to determine the mental condition of a defendant in a criminal case. Here, the state hospital makes such a determination on a continuing basis, and the petitioners’ testimony was required because of their professional contact with the defendant Williams and their knowledge of his mental condition gained from their custodial and supervisory care of him during his hospitalization. Thus it was clearly within the scope of their duties to respond to the court subpoena, produce written records, and testify as to their professional conclusions.
The statutes referred to do not disqualify a state employee who appears as an expert witness from receiving a fee for his services. There may be situations where a state employee may either be subpoenaed in line of duty or otherwise called to testify as expert and entitled to fees for such services. We express no opinion, however, as to circumstances which may permit this and under what conditions the witness could retain such fees rather than turning them over to the state agency.
Accordingly, we find that the trial court’s order of June 29, 1975, denying petitioners’ expert witness fees was proper.
Certiorari denied.
BOARDMAN, A. C. J., and GRIMES, J., concur.

. Ms. LaFehr was also served with a subpoena duces tecum requiring her to bring with her:
“Any and all psychiatric evaluations, records of medications, records and minutes of staffing procedures concerning Arthur Lee Williams, available since the time he was first hospitalized at the Florida State Hospital, Chattahoochee, Florida.”