566 So.2d 351 (1990)
Franklin BYSTROM, Etc., Appellant,
v.
MUTUAL OF OMAHA INSURANCE, Appellee.
No. 90-996.
District Court of Appeal of Florida, Third District.
September 4, 1990.
Robert A. Ginsburg, Dade County Atty., and Thomas W. Logue, Asst. County Atty., for appellant.
Salomon, Kanner & Damian, and Vincent E. Damian, and Linda T. Morano, for appellee.
Before HUBBART, NESBITT, and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Franklin Bystrom, the Dade County Property Appraiser, appeals a post-judgment order refusing to tax an expert witness fee as costs, pursuant to section 92.231, Florida Statutes (1989). We affirm.
Appellee, Mutual of Omaha Insurance, challenged a 1985 property tax assessment. After a non-jury trial, the trial court entered a final judgment in favor of appellant. Shortly thereafter, appellant filed a motion to tax costs against appellee. Appellant *352 sought an expert witness fee for the services of E. Allen Hathaway, an employee of appellant.
Hathaway had prepared a review appraisal of the assessment on appellee's property and had testified at trial regarding his review appraisal. The trial court found that appellant's requested fee for Hathaway was reasonable, but refused to award any expert fees for his services because Hathaway was a salaried employee of appellant. This appeal followed.
The sole issue on appeal is whether the trial court erred in refusing to tax as costs a reasonable expert witness fee where the expert is a full-time employee of the prevailing party. We conclude that there was no error.
The Florida case which comes closest to addressing this issue is Florida Department of Health and Rehabilitative Services (HRS) v. State, 330 So.2d 54 (Fla. 2d DCA 1976). In the HRS case, the state attorney requested expert witness fees for the services of staff members of the state hospital who had testified under subpoena regarding the competency of a defendant. The trial court denied the state attorney's request. The Second District Court of Appeal agreed with the trial court, stating that the statute providing for an award of compensation to expert witnesses who testify in felony cases does not require "a trial judge to award expert witness fees to state employees testifying on state time in reference to matters for which [the employees] bear a direct and continuing responsibility." Florida Department of Health and Rehabilitative Services v. State, 330 So.2d at 55.
Here, appellant's employee testified about matters for which the employee had a direct and continuing responsibility. Under such circumstances, appellant is not entitled to an award of costs for the employee's expert witness services.
The decision of the Florida Supreme Court in Aspen v. Bayless, 564 So.2d 1081 (Fla. 1990), does not compel a different conclusion. In Aspen the court ruled a party may recover costs after a judgment, although the costs were paid by a third party without any obligation to repay. In this case, neither appellant nor a third party paid or incurred costs for Hathaway's expert witness services.
Appellant contends, relying on section 92.231(2), Florida Statutes, that an award of costs to the prevailing party for the services of the party's expert witness is mandatory, regardless of the expert witness's employment status with the party. We do not agree. Section 92.231, Florida Statutes, merely provides a mechanism through which a prevailing party may be entitled to recover as costs, fees it has paid or incurred for expert witness services.
The Florida cases appellant cites to this court, concerning attorney's fees, are inapplicable. Appellant's cases do not involve an award of costs for the expert witness services of a party's full-time employee. We note that we are not persuaded by, nor are we bound to follow, the federal cases and cases from other jurisdictions also cited by appellant.
Accordingly, the order appealed is affirmed.