DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Gallia County Common Pleas Court, Juvenile Division, judgment that awarded Gallia County Children Services (GCCS) permanent custody of Jonathan Nibert, born April 22, 1995.
 {¶ 2} Mary Jane Nibert, the child's natural mother, raises the following assignments of error for review and determination:
FIRST ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED IN ALLOWING THE GUARDIAN AD LITEM TO TAKE ON THE ROLE OF AN ADVOCATE WHEN THE CHILD WAS APPOINTED HIS OWN ATTORNEY AND THE GUARDIAN DID NOT RECEIVE A DUAL APPOINTMENT."
SECOND ASSIGNMENT OF ERROR:
"THE TRIAL COURT ERRED BY ALLOWING THE GUARDIAN AD LITEM TO CONDUCT EXAMINATIONS BY USING LEADING QUESTIONS WHEN THE WITNESSES WERE NOT ADVERSE."
 {¶ 3} On February 23, 2004, GCCS filed a complaint that alleged the child to be dependent and requested emergency temporary custody. GCCS asserted that the child's older brother sexually abused him and that the mother failed to protect the child. The trial court awarded GCCS emergency custody.
 {¶ 4} On February 24, 2004, the trial court held a shelter care hearing and placed the child in GCCS' emergency temporary custody. The court further found the child to be a dependent child.
 {¶ 5} On July 27, 2004, GCCS requested permanent custody of the child. In October 2004, the trial court held a hearing on the motion, and on November 12, 2004, the court granted GCCS permanent custody of the child.
 {¶ 6} On May 24, 2005, we reversed the trial court's judgment because the court failed to hold a separate adjudicatory hearing before it adjudicated the child dependent and awarded GCCS permanent custody. See In re Nibert, Gallia App. No. 04CA15,2005-Ohio-2797.
 {¶ 7} On remand, the trial court held an adjudicatory hearing and a permanent custody hearing. Before the hearing began, appellant objected to the guardian ad litem being allowed to examine witnesses. The guardian ad litem disagreed and explained as follows:
"My job is to make sure that sufficient evidence is provided in the courtroom to make sure that the Judge has enough information to determine what's in the best interest of the child. If counsel does not present that information * * * either in depth or cover the things that I think is important for the Court to know then that's not going to be available for the Court to make a decision. I have the right to elicit whatever testimony is necessary. * * * I find it ironic that [appellant's counsel] takes that position when his position is that my role as Guardian Ad Litem is in possible conflict with what the child wants. That was the basis that he had [the child's attorney] appointed. So [the child's attorney] is going to elicit testimony, clearly I need to elicit other testimony if [appellant's counsel] is in fact correct and we have different interests, different roles and different information to provide to the Court. I have the right to provide information on my own, I have the right to call witnesses and I certainly have the right to cross examine people."
 {¶ 8} The trial court overruled appellant's objection.
 {¶ 9} During the hearing, appellant also argued that the guardian ad litem asked leading questions of the agency's witnesses. The court allowed some leeway because the guardian ad litem examined the witnesses as if on cross-examination and because the parties had some competing interests.
 {¶ 10} On October 6, 2005, the trial court adjudicated the child dependent and awarded GCCS permanent custody. This appeal followed.
 I {¶ 11} In her first assignment of error, appellant asserts that the trial court erred by permitting the guardian ad litem to examine witnesses. She asserts that the guardian ad litem exceeded his responsibility to protect the child's best interests and instead advocated for him as an attorney. She further contends that the court violated R.C. 2151.281 by permitting the guardian ad litem to act as the child's attorney when the guardian ad litem did not receive a dual appointment.
 {¶ 12} R.C. 2151.281(I) provides that a guardian ad litem
 {¶ 13} "shall perform whatever functions are necessary to protect the best interest of the child, including, but not limited to, investigation, mediation, monitoring court proceedings, and monitoring the services provided the child by the public children services agency or private child placing agency that has temporary or permanent custody of the child, and shall file any motions and other court papers that are in the best interest of the child." A guardian ad litem's primary duty is to protect the child's interests. In re Myers, Athens App. No. 02CA50, 2003-Ohio-2776 (citing Juv.R. 4(B); R.C.2151.281(B)(1)). Part of a guardian ad litem's duty is to investigate the child's situation and to ask the court to do what the guardian ad litem believes is in the child's best interest. Id. (citing In re Baby Girl Baxter (1985), 17 Ohio St.3d 229,232, 479 N.E.2d 257).
 {¶ 14} Nothing prohibits a guardian ad litem from generally fulfilling this role by questioning witnesses during court proceedings, as long as the guardian is a licensed attorney. Juv.R. 4(C)(3) allows a trial court to appoint an attorney for the guardian ad litem if the guardian ad litem is not an attorney. Thus, the rule contemplates that an attorney may advocate for or serve in the guardian ad litem's position. SeeIn re Mae S. (June 26, 1998), Lucas App. No. L-97-1166 (finding no error when the guardian ad litem, a licensed attorney, questioned mental health experts); In re Shawn W. (Sept. 30, 1996), Lucas App. No. L-95-267 (concluding that the trial court did not err by allowing the guardian ad litem to question witnesses when the ward had both appointed counsel and a guardian ad litem); In re Dodson (Mar. 4, 1996), Shelby App. No. 17-95-19 (concluding that the trial court did not err by allowing the guardian to question the witnesses).
 {¶ 15} Contrary to appellant's argument, the guardian ad litem's task in the case sub judice did not involve advocating for the child as his attorney. "Generally, when an attorney is appointed as guardian ad litem, that attorney may also act as counsel for the child, absent a conflict of interest."Jennings-Harder v. Yarmesch, Cuyahoga App. No. 83984,2004-Ohio-3960, citing R.C. 2151.281(H). "[T]he appointment of separate individuals to serve as guardian ad litem and counsel for a child is only required if either the guardian ad litem or the trial court determines that a conflict exists between the role of guardian ad litem and the role of an attorney. Juv.R. 4(C)(2)." In re Legg, Cuyahoga App. Nos. 80542 and 80543, 2002-Ohio-4582. A juvenile court need not appoint separate counsel for a child unless the child's wishes conflict with the guardian's recommendation. See, e.g., In re Cooper (Aug. 28, 2001), Cuyahoga App. No. 78848. In the case at bar, because the trial court apparently determined that a conflict could exist between the guardian ad litem's position and the child's position, the court appointed a separate attorney as the child's advocate. Thus, appellant's assertion that the guardian ad litem functioned as the child's counsel is without merit.
 {¶ 16} Accordingly, based upon the foregoing reasons, we overrule appellant's first assignment of error.
 II {¶ 17} In her second assignment of error, appellant asserts that the trial court erred by permitting the guardian ad litem to ask leading questions when examining the state's witnesses. We disagree with appellant.
 {¶ 18} Initially, we note that appellant does not point to specific parts of the transcript in which the guardian ad litem asked leading questions. Instead, appellant generally asserts that the trial court improperly allowed the guardian ad litem to ask leading questions. App.R. 16(A)(3) requires the appellant's brief to contain a "statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected." App.R. 12(A)(2) allows a reviewing court to "disregard an assignment of error presented for review if the party raising it fails to identify in the record the error on which the assignment of error is based * * *." Because appellant has not referred to specific instances in which the guardian ad litem asked leading questions, we would be well within our discretion to disregard her assignment of error. Nevertheless, in the interests of justice, we have reviewed merits of the assignment of error.
 {¶ 19} After our review of the transcript in the case at bar, we conclude that the trial court did not improperly allow the guardian ad litem to ask leading questions.
 {¶ 20} Evid.R. 611(C) provides:
Leading questions should not be used on the direct examination of a witness except as may be necessary to develop his testimony. Ordinarily leading questions should be permitted on cross-examination. When a party calls a hostile witness, an adverse party, or a witness identified with an adverse party, interrogation may be by leading questions.
 {¶ 21} A trial court possesses discretion to determine whether to allow leading questions. See Ramage v. Central OhioEmergency Serv., Inc. (1992), 64 Ohio St.3d 97, 592 N.E.2d 828, paragraph three of the syllabus. An abuse of discretion is more than an error of law or judgment; rather, it implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. See, e.g., Landis v. Grange Mut. Ins. Co.
(1998), 82 Ohio St.3d 339, 342, 695 N.E.2d 1140. To demonstrate an abuse of discretion, the result must be so palpably and grossly violative of fact or logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance of judgment, not the exercise of reason but instead passion or bias. See Nakoff v. Fairview Gen. Hosp.
(1996), 75 Ohio St.3d 254, 256, 662 N.E.2d 1. Furthermore, when applying the abuse of discretion standard, a reviewing court may not merely substitute its judgment for that of the trial court. See, e.g., In re Jane Doe 1 (1991), 57 Ohio St.3d 135, 137-138,566 N.E.2d 1181.
 {¶ 22} In the case sub judice, the trial court did not abuse its discretion. The guardian ad litem questioned the agency's witnesses as if on cross-examination. Evid.R. 611(C) allows leading questions on cross-examination. To the extent that the guardian ad litem asked leading questions on direct examination, the trial court determined that the parties had competing interests. Thus, appellant has not shown that the trial court abused its discretion. Moreover, assuming arguendo that the trial court erred in this regard, any error could be deemed to be harmless error. See Civ.R. 61.
 {¶ 23} Accordingly, based upon the foregoing reasons, we overrule appellant's second assignment of error and affirm the trial court's judgment.
Judgment affirmed.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Harsha, P.J. McFarland, J.: Concur in Judgment Opinion.