OPINION
{¶ 1} On June 13, 1996, appellant, Leroy Edwards, III, and appellee, Ava Edwards, were married. One child was born as issue of the marriage, namely, Christian Edwards born January 27, 2001. On January 9, 2002, appellee filed a complaint for divorce.
 {¶ 2} Per an agreed settlement, the parties were granted a divorce on December 12, 2003. Appellee was named residential parent of the child.
 {¶ 3} In November of 2003, appellee and the child traveled to Quebec, Canada, and remained there for several months due to the murder of her sister.
 {¶ 4} On December 29, 2003, appellant filed a Civ. R. 60(B) motion to overrule the decree of divorce because he was unable to visit his child since the child was in Canada. On January 16, 2004, appellant filed a motion for contempt, claiming appellee was denying appellant visitation time. On March 4, 2004, appellant filed a motion for the reallocation of parental rights and responsibilities. Thereafter, appellant filed several additional motions for contempt.
 {¶ 5} Hearings before a magistrate were held over several days. By decision filed April 25, 2007, the magistrate denied all of appellant's motions. Appellant filed objections. By judgment entry filed August 13, 2007, the trial court overruled the objections and adopted the magistrate's decision.
 {¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows: *Page 3 
 I {¶ 7} "THE TRIAL COURT ERRED TO THE DEFENDANT-APPELLANT'S SUBSTANTIAL PREJUDICE BY SUMMARILY OVERRULING HIS OBJECTIONS TO THE MAGISTRATE'S DECISION."
 II {¶ 8} "THE TRIAL COURT ERRED AS A MATTER OF LAW AND ABUSED ITS DISCRETION TO THE PREJUDICE OF APPELLANT'S SUBSTANTIAL RIGHTS BY DELAYING, FOR MORE THAN 30 MONTHS, A HEARING ON THE MERITS OF APPELLANT'S PARENTING TIME MOTIONS."
 III {¶ 9} "THE TRIAL COURT'S DETERMINATION THAT THE CHANGE IN THE CIRCUMSTANCES OF THE MINOR CHILD OF THE PARTIES DID NOT WARRANT A CHANGE IN CUSTODY IN THE BEST INTERESTS OF THE CHILD IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 IV {¶ 10} "THE TRIAL COURT COMMITTED PLAIN AND REVERSIBLE ERROR BY PERMITTING THE COURT-APPOINTED GUARDIAN AD LITEM TO FUNCTION AND PARTICIPATE IN THE LOWER COURT PROCEEDINGS IN THE TRIPLICATE ROLES OF ATTORNEY, GUARDIAN AD LITEM AND WITNESS."
 I, III {¶ 11} Appellant claims the trial court erred in overruling his objections to the magistrate's decision regarding the reallocation of parental rights and responsibilities. We disagree. *Page 4 
 {¶ 12} Civ. R. 53 governs magistrates. Subsection (D)(3)(b)(iii) states the following:
 {¶ 13} "Objection to magistrate's factual finding; transcript oraffidavit. An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ. R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. * * * The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."
 {¶ 14} Appellant's objections on the issue of reallocation of parental rights and responsibilities were enumerated in ¶ 21-50 of his pro se objections filed May 9, 2007. Appellant then filed amended objections on the issue on June 13, 2007, ¶ 16-64, supported by excerpts from the transcript of the magistrate's hearing.
 {¶ 15} By judgment entry filed August 13, 2007, the trial court overruled the objections and adopted the magistrate's decision, finding the following:
 {¶ 16} "The Court has reviewed the Magistrate's Decisions filed herein in light of Defendant's amended objections filed on June 13, 2007. The Court finds the Magistrate's Decisions well reasoned and supported by the Findings of Fact.
 {¶ 17} "Further, the Courts finds Defendant objected to certain Findings of Fact in the Magistrate's Decision but failed to provide the Court with a transcript of all of the *Page 5 evidence submitted to the Magistrate, as required by the Local Rule 19.5(3)(b) and Ohio Rules of Civil Procedure 53(E)(3)(c)."
 {¶ 18} Loc. R. 19.5(3)(b) of the Court of Common Pleas of Fairfield County, Domestic Relations Division, states the following:
 {¶ 19} "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to errors of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 20} Appellant submitted seven excerpts from the transcript of the magistrate's hearing in support of his amended objections filed June 13, 2007. The primary issue for consideration is whether these excerpts include "all the evidence submitted to the magistrate" on the issue of reallocation of parental rights and responsibilities. The trial court concluded these seven excerpts did not include "all of the evidence submitted."
 {¶ 21} The first excerpt is the direct examination of appellant's mother, Shirley Edwards (May 19, 2006). The second excerpt is the dialogue between the magistrate and appellant's attorney, Janie Roberts, introducing herself as new counsel and requesting to call a witness, Eric Schooler, out of order (October 23, 2006). The third excerpt is the testimony of Ethel Lee, a babysitter for the child (October 24, 2006). The fourth excerpt includes issues surrounding the use of the deposition testimony of Dr. *Page 6 
David Lowenstein, the admission of a written report by the court appointed psychologist, Dr. Jeffrey Smalldon, pursuant to R.C. 2317.39, R.C. 3109.04, and Civ.R 56, and the pro se testimony of appellee, including cross-examination by appellant's counsel (October 25, 2006). The fifth excerpt is the continued cross-examination of appellee, and portions of the guardian ad litem's testimony on direct and cross-examination (October 26, 2006). The sixth excerpt contains appellant's counsel's arguments relative to the limitations placed by the trial court upon the guardian ad litem's cross-examination, objections to the guardian's report, the admission of appellant's exhibits B, C, M, A, I, H, O, J, BB, CC, DD, GG, HH, EE, II, E, P, JJ, KK, LL, MM, NN, OO and appellee's exhibits 106, 112, 132, 126, 128, 127, 121, 135, 133, and the in-camera interview procedure (October 27, 2006). The last excerpt contains appellant's testimony on the issue of attorney's fees and contempt against appellee (March 23, 2007).
 {¶ 22} The burden of presentation rests with the party objecting. There is no provision in Civ. R. 53 for supplemental responses by the defender of the action as in the appellate rules [App. R. 9(B)]. We conclude when faced with the presentation of a partial transcript on the evidence, the objections must live or die on that decision.
 {¶ 23} After a review of the entire transcript, it is clear that not "all of the evidence" on the issue was submitted in support of the objections. Some 1,020 transcript pages were filed for appellate review. The trial court's review was more limited in scope, but was aided by the magistrate's findings:
 {¶ 24} "The Court heard testimony from the Defendant, Leroy Edwards, III; Shirley Edwards, the Defendant's mother, Ethel Lee, Erma Jackson, Malcom Folks, and Eric Schooler on behalf of the Defendant, and Ava Shaikh, fka Ava Edwards, the *Page 7 
Plaintiff; Teresa Forester, on behalf of the Plaintiff. The Guardian ad Litem Orval Fields testified as the Court's witness. The trial deposition of Dr. Lowenstein was admitted into evidence."
 {¶ 25} Further, as noted in the descriptions of the excerpts, parts of the witnesses' testimony i.e., guardian ad litem and appellant's mother, are missing. In addition, the magistrate's decision was based on Findings of Fact Nos. 17-55, which included facts clearly more extensive than the excerpts provided.
 {¶ 26} We conclude the trial court was correct in finding not "all of the evidence" on the factual issues was presented. Further, as the extensive findings by the magistrate indicates, the decision is supported by the weight of the evidence. Appellant sufficiently proved there was a change of circumstances warranting an evaluation of the best interest of the child vis-à-vis the factors to be considered in R.C. 3109.04(F)(1). Most of the findings (nos. 36-38) are supported by the guardian ad litem's report which was available for the trial court's consideration.
 {¶ 27} Upon review, we find the trial court did not err in overruling appellant's objections.
 {¶ 28} Assignments of Error I and III are denied.
 II {¶ 29} Appellant claims the trial court erred to his prejudice because there was a thirty month delay from the time of his filing his motion for the reallocation of parental rights and responsibilities (May 4, 2002) to the time of the hearing (May, 2006). We disagree. *Page 8 
 {¶ 30} On December 29, 2003, appellant originally filed a Civ. R. 60(B) motion to overrule the decree of divorce. On January 15, 2004, appellant filed a notice of appeal. Pursuant to said notice, all actions were stayed in the trial court until the appeal was dismissed on April 15, 2004 (Case No. 04CA7).
 {¶ 31} Appellant's motion for the reallocation of parental rights and responsibilities was filed on March 26, 2004. Appellee requested a psychological evaluation on April 12, 2004. From the restart date to the final hearing, the docket contains 185 entries, including requests for continuances and withdrawal of trial counsel, as well as issues unrelated to the matter appealed sub judice (although they were litigated jointly). There are fifteen magistrate orders filed on related issues, four requests for continuances, and two requests for withdrawal of trial counsel.
 {¶ 32} Upon review, we find no abuse of discretion given the numerous motions and related matters that were filed. This is a clear example of "the wheels of justice grind exceedingly slow, but they grind exceedingly fine."
 {¶ 33} Assignment of Error II is denied.
 IV {¶ 34} Appellant claims the trial court erred in permitting the guardian ad litem to participate in the hearings as attorney, guardian, and witness. We disagree.
 {¶ 35} Appellant argues the guardian's active participation during the hearings "led to an appearance of bias to the proceeding and undermined the integrity and reputation of the judicial process." Appellant's Brief at 17. However, appellant did not point to any specific instances in the record to support this argument. *Page 9 
 {¶ 36} Juv. R. 4(C)(1) specifically states, "When the guardian ad litem is an attorney admitted to practice in this state, the guardian may also serve as counsel to the ward providing no conflict between the roles exist."
 {¶ 37} As explained by our brethren from the Fourth District in In theMatter of: Jonathan Nibert, Gallia App. No. 05CA13, 2006-Ohio-1559, ¶ 14:
 {¶ 38} "Nothing prohibits a guardian ad litem from generally fulfilling this role by questioning witnesses during court proceedings, as long as the guardian is a licensed attorney. Juv. R. 4(C)(3) allows a trial court to appoint an attorney for the guardian ad litem if the guardian ad litem is not an attorney. Thus, the rule contemplates that an attorney may advocate for or serve in the guardian ad litem's position. See In re Mae S. (June 26, 1998), Lucas App. No. L-97-1166 (finding no error when the guardian ad litem, a licensed attorney, questioned mental health experts); In re Shawn W. (Sept. 30, 1996), Lucas App. No. L-95-267 (concluding that the trial court did not err by allowing the guardian ad litem to question witnesses when the ward had both appointed counsel and a guardian ad litem); In re Dodson (Mar. 4, 1996), Shelby App. No. 17-95-19 (concluding that the trial court did not err by allowing the guardian to question the witnesses)."
 {¶ 39} At the conclusion of the hearings, appellant's counsel moved to strike the guardian ad litem's report and testimony because the guardian "was showing bias against my client." T. at 991-997. In denying the motion, the trial court stated the following:
 {¶ 40} "THE COURT: * * * I find the statements by Attorney Roberts to mischaracterize a great majority of the testimony by the guardian ad litem in this case, *Page 10 
and it's not unusual for one party when the guardian as litem comes down with an opinion on favor of the other party to feel that they have been impeached or not considered.' T. at 1003.
 {¶ 41} Upon review of the record, we do not find any prejudice to appellant regarding the guardian ad litem's role sub judice.
 {¶ 42} Assignment of Error IV is denied.
 {¶ 43} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division, is hereby affirmed.
 Farmer, J., Hoffman, P.J. and Delaney, J. concur. *Page 11 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Domestic Relations Division, is affirmed. *Page 1