COHEN, J.
 

 Kevin Carlucci and Susan Taylor challenge the trial court’s final summary judgment, ruling that General Order 328.0, as amended by Sheriff Beary, did not create a vested and enforceable contract entitling employees with twenty years of service with the Orange County Sheriffs Office (“OCSO”) to a fully paid lifetime health insurance policy. We affirm.
 

 The OCSO employs general orders to provide employees with information and to establish internal guidelines and procedures. In 1998, Sheriff Beary
 
 [1]
 
 implemented a policy to defray the cost of health insurance for longer-tenured retirees by amending General Order 328.0 to provide:
 

 Full time Orange County Sheriffs Office employees who retire March 1, 1998 or after and who have 20 years of service with the Orange County Sheriffs Office, and retain their Sheriffs Office health insurance will have the cost of the single high co-pay HMO paid for them by the Sheriff. The retiree may elect one of the other health insurance options and/or cover their dependents by paying the additional cost of that coverage.
 

 General Order 328.0 further provided that the Sheriff “expressly reserves [the] exclusive right to unilaterally amend or cancel Written directives.” Appellants do not challenge the Sheriffs right to unilaterally amend or rescind any general order, including General Order 328.0. Prior to its introduction, the Sheriff met with the Orange County Legislative Delegation in an unsuccessful attempt to obtain legislative enactment of a special bill that would provide the additional health insurance benefit included in General Order 328.0. The Sheriff acknowledged that without legislative implementation, the policy could be changed at the whim of a future sheriff.
 

 During the 2005 budget process, Orange County became aware of the OCSO’s generous health benefit and cautioned that the expense could become a major fiscal issue. The cost, then about $600,000 annually, was projected to potentially exceed $18 million. Consequently, the Sheriff discontinued the health insurance payment, effective October 1, 2005, but thereafter, via a collective bargaining agreement, increased the monthly health insurance subsidy for OCSO retirees to twice that paid a regular state retiree.
 

 In December 2005, Appellants
 
 [2]
 
 filed a class action lawsuit, seeking to enforce General Order 328.0. After considering argument on cross motions for summary judgment, the trial court rejected Appellants’ claim that they had a contractual right to the payments. It reasoned that policy statements in an employment manual do not give rise to enforceable contract rights unless there is specific language expressing the parties’ explicit, mutual agreement that the manual constitutes a separate employment contract. Further, even assuming that General Order 328.0 should be interpreted as a contract, the trial court concluded that the claim still failed as a matter of law because the gen
 
 *247
 
 eral order “was not implemented as a result of any offer or acceptance” and no “mutual assent existed between the Sheriff and the OCSO employees.”
 

 The trial court also rejected the contention that discontinuing the health insurance payment violated Article I, section 10 of the Florida Constitution, which prohibits laws in impairment of contract, because the Sheriff did not pass a law when he amended General Order 328.0 and his unilateral decision was not quasi-legislative action. Finally, the trial court rejected Appellants’ argument that Orange County, by its approval of the health care benefit in its budget for seven years, ratified the provision. This appeal ensued.
 

 The
 
 de novo
 
 standard of review applies to a trial court’s decision to grant or deny final summary judgment.
 
 Demings v. Orange County Citizens Review Bd.,
 
 15 So.3d 604, 606 (Fla. 5th DCA 2009). The existence of a contract is an issue of law properly determined by the court.
 
 Quaker Oats Co. v. Jewell,
 
 818 So.2d 574, 576-77 (Fla. 5th DCA 2002).
 

 “It is well established Florida law that policy statements contained in employment manuals do not give rise to enforceable contract rights in Florida unless they contain specific language which expresses the parties’ explicit mutual agreement that the manual constitutes a separate employment contract.”
 
 Id.
 
 This court, quoting
 
 Muller v. Stromberg Carlson Corp.,
 
 427 So.2d 266, 270 (Fla. 2d DCA 1983), reiterated that there is “no justification to depart from long established principles that an employment contract requires definiteness and certainty in its terms.”
 
 Id.
 
 This court has previously rejected the theory that a contractual right was acquired when a sheriff unilaterally adopted a disciplinary procedure in a general order that could be modified or completely revoked at will.
 
 See Szell v. Lamar,
 
 414 So.2d 276, 278 (Fla. 5th DCA 1982).
 

 In
 
 City of Clearwater v. Bekker,
 
 526 So.2d 961, 964 (Fla. 2d DCA 1988), the Second District rejected the argument that the city’s unilateral extension of an additional sick leave benefit to a specified class of employees created a contract right because the city’s fringe benefit programs could be altered by unilateral city action. The court found the city employees’ “mere expectations” were insufficient to create a binding contract requiring the city to provide the sick leave benefit to them on a continuing basis for any period of time.
 
 Id.
 
 at 965.
 

 We share the trial court’s opinion that the Sheriffs unilateral act of implementing an internal policy that was subject to unilateral amendment or cancellation cannot constitute a contract.
 
 See Szell,
 
 414 So.2d at 278;
 
 Stough v. Gallagher,
 
 967 F,2d 1523, 1530 (11th Cir.1992) (applying Florida law). “If one party has the unrestricted right to terminate the contract at any time, that party makes no promise at all and there is not sufficient consideration for the promise of the other.”
 
 Pick Kwik Food Stores, Inc. v. Tenser,
 
 407 So.2d 216, 218 (Fla. 2d DCA 1981). Hence, without even reaching the contention that the Sheriffs amendment of General Order 328.0 to discontinue the payments constituted legislative action, there simply can be no impairment of contract in violation of Article I, section 10, when the plain terms of General Order 328.0 allowed for unilateral rescission.
 
 See, e.g., Busbee v. State, Div. of Retirement,
 
 685 So.2d 914, 916-17 (Fla. 1st DCA 1996) (holding that there was no impairment because forfeiture provision was part of the pension contract).
 

 Appellants’ reliance on the New Mexico Supreme Court’s decision in
 
 Beggs v. City of Portales,
 
 146 N.M. 372, 210 P.3d 798 (2009), is unpersuasive because New Mexi
 
 *248
 
 co, in specific circumstances, recognizes greater contractual rights under a personnel manual than Florida. Controlling Florida law clearly establishes that no contractual rights arise where, as here, there is no specific language in the general order expressing the parties’ explicit and mutual agreement that the order constitutes a separate employment contract. Consequently, we are not persuaded by, nor bound to follow
 
 Beggs
 
 or the other cases from sister jurisdictions cited by Appellants.
 
 See Bystrom, v. Mut. of Omaha Ins.,
 
 566 So.2d 351, 352 (Fla. 3d DCA 1990).
 

 Finally, the Orange County Board of County Commissioners did not approve, either formally or informally, the health insurance benefit and, therefore, never ratified it by paying the Sheriffs budget.
 
 See Frankenmuth Mut. Ins. Co. v. Magaha,
 
 769 So.2d 1012, 1018-21 (Fla.2000).
 

 Accordingly, we affirm the trial court’s final summary judgment.
 

 AFFIRMED.
 

 GRIFFIN, J., and BERGER, W., Associate Judge, concur.
 

 [1]
 

 . Current Sheriff Demings was substituted for former Sheriff Beary as a party.
 

 [2]
 

 . Kevin Carlucci, an active OCSO deputy sheriff with more than twenty years of service, and Susan Taylor, an OCSO retiree, represent similarly situated OCSO employees.