In re R.A.; **Mercer County Department of Job and Family Services, Appellant.**

In re J.A.; **Mercer County Department of Job and Family Services, Appellant.**

In re T.A.; **Mercer County Department of Job and Family Services, Appellant.**

[Cite as *In re R.A.*, 172 Ohio App.3d 53, 2007-Ohio-2997.]

Court of Appeals of Ohio,
Third District, Van Wert County.

Nos. 15–07–02, 15–07–03 and 15–07–04.

Decided June 18, 2007.

54

Andrew J. Hinders, Mercer County Prosecuting Attorney, for appellant.

Charles F. Kennedy III, Van Wert County Prosecuting Attorney, and Eva J. Yarger, Assistant Prosecuting Attorney, for appellee, Van Wert Department of Job and Family Services.

Shaun Putman, Guardian ad litem.

---

SHAW, Judge.

{¶ 1} Intervening appellant, Mercer County Department of Job and Family Services ("MCJFS"), appeals from the February 5, 2007 order of the Court of Common of Pleas of Van Wert County, Juvenile Division, dismissing this case and from the February 9, 2007 judgment entry of the Court of Common Pleas of Van Wert County, Juvenile Division, overruling MCJFS's motion to intervene and motion to reconsider the dismissal of this case.[1]

{¶ 2} This matter began in March 2005 when MCJFS removed Tristan, T.A., R.A., and J.A. from their father's home and placed them in the temporary custody of MCJFS.[2] On March 28, 2005, MCJFS filed a complaint in the Mercer County Juvenile Court alleging that the children were abused, neglected, and dependent. On June 20, 2005, the Mercer County Juvenile Court adjudicated the children dependent and placed them in the temporary custody of relatives with protective supervision. The court also adopted a case plan with the goal of reunification with their father. T.A. and J.A. were placed with Mary Mabry, their stepgrandmother, in Auglaize County. T.A. and R.A. were placed with Darryl Mabry, their stepuncle, in Auglaize County.

{¶ 3} Although the children's father initially complied with the case plan and participated in visitation, on November 28, 2005, he filed a motion to terminate the visitation and the case plan, stating that the plan had no chance of success and was futile. In late December 2005, the father moved to Van Wert County. On January 20, 2006, the Mercer County Juvenile Court issued a judgment entry and determined that there was no reason to pursue reunification. The juvenile

---

1. Although each child has his own case, each with its own case number, the cases were consolidated at the trial-court level. Therefore, for ease of discussion we shall refer to these cases in the singular.

2. The children had been in their father's custody since June 2000 after the Auglaize County Children's Services removed the boys from their mother's home. Although the father lived in Auglaize County at that time, he subsequently moved to Mercer County, which then became involved with the family. Upon filing complaints alleging abuse, neglect, and dependency of the children, Mercer County filed separate, identical pleadings for each child and gave each child a separate case number. The oldest child, Tristan, is not a subject of this appeal as he has reached the age of majority. The trial court consolidated the three remaining cases under one case number.

court granted the father's motion, placed the children in the legal custody of Mary Mabry and Darryl Mabry, and dismissed MCJFS as a party to the case.

{¶ 4} In April 2006, the relatives with custody of the children filed motions requesting that the Mercer County Juvenile Court terminate their custody. On April 11, 2006, the Mercer County Juvenile Court conducted a hearing on the relatives' motions to terminate custody wherein the custodial relatives, counsel for the father, guardian ad litem, representatives of the Auglaize County Department of Job and Family Services, and MCJFS were present. No representatives of Van Wert County Department of Job and Family Services ("VWCJFS") were present, although they were aware of the proceedings.

{¶ 5} At the April 11, 2006 hearing, the relatives testified that they were no longer able to care for the children. The court granted the relatives' motions and terminated Mary Mabry's and Darryl Mabry's custody of the children. The father's attorney and the guardian ad litem both testified that returning the children to the father's custody was in their best interest. Additionally, the father's counsel informed the court that the father was residing in Van Wert County. The court found that based upon the termination of the custody of the Mabrys and the unknown residence of the mother, the children's county of residence was that of the father. However, based upon the testimony presented, the court found that placement of the children other than in the home of their father was in the children's best interest. Accordingly, the court ordered that the children be placed in the custody of VWCJFS. However, MCJFS was to provide temporary care for the children until transfer to VWCJFS could be arranged.

{¶ 6} In its April 20, 2006 judgment entry order of transfer, the Mercer County Juvenile Court ordered that this matter be transferred "forthwith to the Juvenile Court of Van Wert County * * * for such further proceedings as that said Court shall deem just and proper in the premises."

{¶ 7} On May 3, 2006, VWCJFS filed a motion with the Van Wert County Juvenile Court requesting an order denying the transfer of this case from Mercer County. On May 22, 2006, the Van Wert County Juvenile Court conducted a hearing regarding the transfer of this case. In denying VWCJFS's motion to refuse to accept jurisdiction, the court stated as follows:

> The crux of this issue, where do the children "reside." If this case were "dismissed" and had to be refiled, the children would be residents of Van Wert County. Children reside legally where the custodial parent resides. Since the father is the custodian and resides in Van Wert, the children by default would be residents of Van Wert County * * * this court cannot refuse to accept jurisdiction. * * * The Court ORDERS that this case shall remain with the

Van Wert County Juvenile Court and DJFS (unless the father moves to yet another county).

{¶ 8} On July 6, 2006, VWCJFS filed a motion to transfer this case to Mercer County, or in the alternative, to Allen County, where the mother resides, because the children's father had moved to New Mexico. On August 21, 2006, the Van Wert County Juvenile Court conducted a hearing on VWCJFS's motion to transfer. In its August 28, 2006 judgment entry, the court determined that Allen County was no longer an option because the mother had moved to Shelby County. In overruling VWCJFS's motion to transfer and continuing Van Wert County Juvenile Court as the court of jurisdiction in this case, the court stated as follows:

A child resides legally where his parent resides. The last legal residence of the children is Van Wert County. Father was designated the residential parent (see prior judgment entry). The last legal residency was and remains Van Wert County. Father does not reside in any Ohio county. Mother was not named as the residential/legal parent. By default, there is no other county in Ohio that can be considered the child's residence except Van Wert. While I agree that Mercer County has some moral and ethical responsibility, it has no legal responsibility under the current Ohio law.

{¶ 9} On September 26, 2004, the Deputy Director of VWCJFS filed an affidavit with the Van Wert County Juvenile Court stating that the father had left New Mexico and was residing in Mercer County. In a judgment entry dated October 17, 2006, the Van Wert County Juvenile Court determined that because the father was again a resident of Mercer County, Mercer County was the legal residence of the children. Additionally, the court determined that because Mercer County had more of a connection with this family and these proceedings, it would again be in the best position to assume jurisdiction and provide services. Accordingly, the court ordered that this case be transferred back to Mercer County and the children returned to the temporary custody of MCJFS.

{¶ 10} On November 7, 2006, the Mercer County Juvenile Court conducted a hearing on the proposed transfer of this case. In its January 30, 2007 judgment entry, the court found that the residence of the children was that of Van Wert County and that the Van Wert County Juvenile Court had exercised jurisdiction over the children who were wards of that court. Accordingly, the Mercer County Juvenile Court declined to accept transfer of this case.

{¶ 11} On January 31, 2007, VWCJFS filed a motion to dismiss this case with the Van Wert County Juvenile Court, claiming that none of the parties reside in Van Wert County and that because the children are teenagers, they are not at any immediate risk. On February 2, 2007, MCJFS filed a motion to intervene in this matter due to the receipt of information that the custodial father had refused

to participate in any reunification efforts and the belief that to dismiss this matter was to abandon the children in Mercer County.

{¶ 12} On February 5, 2007, the Van Wert County Juvenile Court entered an order dismissing this case. On February 7, 2007, MCJFS filed a motion for stay and reconsideration, renewing its motion to intervene and requesting that the court stay its February 5, 2007 judgment. On February 9, 2007, the Van Wert County Juvenile Court entered a judgment entry overruling MCJFS's motion to intervene, motion for stay, and motion to reconsider the dismissal of this case.

{¶ 13} MCJFS now appeals, asserting two assignments of error.

## ASSIGNMENT OF ERROR NO. 1

The trial court abused its discretion when, having made absolutely no statutory disposition of the children, it dismissed the case.

{¶ 14} In its first assignment of error, MCJFS argues that the Van Wert County Juvenile Court erred in dismissing this case without conducting a hearing or entering a proper statutory disposition.

{¶ 15} Prior to addressing MCJFS's first assignment of error, we must first discuss the relevant motions filed in the Van Wert County Juvenile Court and the court's orders within the context of the Ohio Revised Code provisions at issue in the present case. Additionally, we are mindful of the fact that "Chapter 2151 of the Revised Code is to be liberally interpreted and construed so as to effectuate * * * the care, protection, and mental and physical development of children" subject to this chapter. See R.C. 2151.01(A).

{¶ 16} R.C. 2151.353 governs what disposition may be made by a court in the case of abused, neglected, or dependent children and provides as follows:

(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

(1) Place the child in protective supervision;

(2) Commit the child to the temporary custody of a public children services agency, a private child placing agency, either parent, a relative residing within or outside the state, or a probation officer for placement in a certified foster home, or in any other home approved by the court;

(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the child * * *;

(4) Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot

be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D) of section 2151.414 of the Revised Code that the permanent commitment is in the best interest of the child * * *;

(5) Place the child in a planned permanent living arrangement with a public children services agency or private child placing agency, if a public children services agency or private child placing agency requests the court to place the child in a planned permanent living arrangement and if the court finds, by clear and convincing evidence that a planned permanent living arrangement is in the best interest of the child and that one of the following exists: * * *;

(6) Order the removal from the child's home until further order of the court of the person who committed abuse as described in section 2151.031 of the Revised Code against the child, or who caused or allowed the child to suffer neglect as described in section 2151.03 of the Revised Code, or who is the parent, guardian, or custodian of a child who is adjudicated a dependent child and order any person not to have contact with the child or the child's siblings. * * *

(D) As part of its dispositional order, the court shall journalize a case plan for the child. The journalized case plan shall not be changed except as provided in section 2151.412 of the Revised Code.

(E)(1) The court shall retain jurisdiction over any child for whom the court issues an order of disposition pursuant to division (A) of this section or pursuant to section 2151.414 or 2151.415 of the Revised Code until the child attains the age of eighteen years * * * or the child is adopted * * * except that the court may retain jurisdiction over the child and continue any order of disposition under division (A) of this section or under section 2151.414 or 2151.415 of the Revised Code for a specified period of time to enable the child to graduate from high school or vocational school * * *.

(2) Any public children services agency * * * the department of job and family services * * * by filing a motion with the court, may at any time request the court to modify or terminate any order of disposition issued pursuant to division (A) of this section, or section 2151.414 or 2151.415 of the Revised Code. The court shall hold a hearing upon the motion as if the hearing were the original dispositional hearing and shall give all parties to the action and the guardian ad litem notice of the hearing pursuant to the juvenile rules. If applicable, the court shall comply with section 2151.42 of the Revised Code.

(F) Any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a motion pursuant to section 2151.415 of the

Revised Code, the temporary custody order shall continue and not terminate until the court issues a dispositional order under that section.

See, also, *In re Covert* (1984), 17 Ohio App.3d 122, 124, 17 OBR 185, 477 N.E.2d 678.

{¶ 17} Therefore, assuming that the April 18, 2006 judgment entry of the Mercer County Juvenile Court placing the children in the custody of VWCJFS and transferring this matter to Van Wert County was a temporary order of disposition entered pursuant to R.C. 2151.353(A), it should be noted that pursuant to R.C. 2151.353(F), this "temporary custody order * * * shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except * * * upon the filing of a motion pursuant to section 2151.415 * * *."

{¶ 18} R.C. 2151.415 governs the procedure to be followed when motions for dispositional orders are filed and provides as follows:

(A) Except for cases in which a motion for permanent custody described in division (D)(1) of section 2151.413 of the Revised Code is required to be made, a public children services agency * * * that has been given temporary custody of a child pursuant to section 2151.353 of the Revised Code, not later than thirty days prior to the earlier of the date for the termination of the custody order pursuant to division (F) of section 2151.353 of the Revised Code or the date set at the dispositional hearing for the hearing to be held pursuant to this section, shall file a motion with the court that issued the order of disposition requesting that any of the following orders of disposition of the child be issued by the court:

(1) An order that the child be returned home and the custody of the child's parents, guardian, or custodian without any restrictions;

(2) An order for protective supervision;

(3) An order that the child be placed in the legal custody of a relative or other interested individual;

(4) An order permanently terminating the parental rights of the child's parents;

(5) An order that the child be placed in a planned permanent living arrangement;

(6) In accordance with division (D) of this section, an order for the extension of temporary custody.

{¶ 19} However, in the present case, we note that VWCJFS did not file a motion for a dispositional order pursuant to R.C. 2151.415. Instead, our review of the record demonstrates that on January 31, 2007, VWCJFS filed a motion with the Van Wert County Juvenile Court seeking to dismiss this case. As

grounds for dismissal, VWCJFS stated as follows: "The basis for this motion is that none of the parties reside in Van Wert County, and the children are not at any immediate risk as they are all teenagers."

{¶ 20} VWCJFS contends that because the complaint in this case was originally filed in Mercer County on March 28, 2005, because R.C. 2151.353(F) provides that "any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in this case was filed," and that because it did not file a motion pursuant to R.C. 2151.415, the temporary custody order placing the children in the custody of VWCJFS terminated on March 28, 2006. Therefore, VWCJFS contends that it was not error for the Van Wert County Juvenile Court to dismiss the case.

{¶ 21} However, we note that the Ohio Supreme Court has addressed the issue of time as it relates to R.C. 2151.353 and the tolling of what the court refers to as the "sunset date." In *In re Young Children* (1996), 76 Ohio St.3d 632, 669 N.E.2d 1140, the Ohio Supreme Court addressed conflicting decisions of the courts of appeals regarding proceedings for issuance of orders disposing of temporary custody arrangements of children alleged to be neglected or dependent that resulted in dismissals, due to the failure of the county department of human services to timely file motions for dispositional orders. Specifically, the Ohio Supreme Court addressed the issue of "whether a juvenile court loses jurisdiction to enter dispositional orders upon expiration of the statutory time period (the 'sunset date') pursuant to R.C. 2151.353(F)." Id. at 636, 669 N.E.2d 1140.

{¶ 22} Although the Ohio Supreme Court noted that temporary custody terminates upon the passing of the sunset date when no motion is filed pursuant to R.C. 2151.415(A), the court also found that a juvenile court does not lose jurisdiction to enter a custody order after the expiration of the statutory time period. *In re Young*, 76 Ohio St.3d 632, 637, 669 N.E.2d 1140. Additionally, because the court retains jurisdiction over the child, it may make further dispositional orders as it deems necessary to protect the child. Id. at 638, 669 N.E.2d 1140.

{¶ 23} Furthermore, the Ohio Supreme Court acknowledged:

This holding allows the juvenile court to assess each situation on its merits and does not mandate the return of children to a situation from which they originally needed protection solely because the agency charged with their care missed a filing deadline. Thus, we hold that when the sunset date has passed without a filing pursuant to R.C. 2151.415 and the problems that led to the original grant of temporary custody have not been resolved or sufficiently

mitigated, courts have the discretion to make a dispositional order in the best interests of the child.

Id. at 638, 669 N.E.2d 1140.

{¶ 24} In applying this holding to the specific facts contained in the consolidated cases addressed in *In re Young,* in particular the case concerning the Farrar children, the Ohio Supreme Court declared as follows:

The temporary custody orders in this case terminated on September 27, 1992 because there was no filing pursuant to R.C. 2151.415 prior to the sunset date. Even so, the trial court retains jurisdiction over the matter pursuant to our holding today. Accordingly, we reverse the dismissal of this case [by the court of appeals] and remand to the trial court for further proceedings consistent with this opinion to determine whether the problems that led to the original grant of temporary custody had been resolved or sufficiently mitigated as of September 27, 1992 when the temporary custody order would have otherwise terminated. If these problems had been resolved or mitigated, the court should terminate the temporary custody order and release the children to their mother. If they had not, the court has discretion to make a further dispositional order pursuant to R.C. 2151.415 and our holding above.

*In re Young,* 76 Ohio St.3d 632, 639–640, 669 N.E.2d 1140.

{¶ 25} Based upon our review of *In re Young,* we disagree with VWCJFS's argument that it would have been proper for the Van Wert County Juvenile Court to dismiss this case based simply upon the expiration of the temporary custody order placing the children in the custody of VWCJFS. Specifically, we note that although the father's parental rights have not been terminated, the semi-annual review filed on September 25, 2006, indicates that the father does not want the children back and has expressed his wishes to relinquish parental rights to all of the children. Additionally, we note that the children are continuing to participate in counseling. Thus, it appears that the problems that led to the original temporary custody order have not been sufficiently mitigated and remain unresolved.

{¶ 26} Accordingly, and pursuant to *In re Young,* we find that because the Van Wert County Juvenile Court should retain jurisdiction over the children even after the expiration of the temporary custody order and because there has been no determination that the problems that led to the original temporary custody order have been resolved, the Van Wert County Juvenile Court had the authority to make further dispositional orders as necessary to protect the children. See *In re Young,* 76 Ohio St.3d 632, 638, 669 N.E.2d 1140.

{¶ 27} Additionally, we must still address the issue of whether the dismissal of this case by the Van Wert County Juvenile Court was a proper disposition pursuant to R.C. 2151.353.

{¶ 28} As previously discussed, R.C. 2151.353(A) presents six alternative orders of disposition that a court may enter on behalf of a child who has been adjudicated abused, neglected, or dependent. Our review of this section does not reveal a simple "dismissal" as an appropriate disposition that the trial court may enter on behalf of a child previously adjudicated abused, neglected, or dependent. Additionally, we find no statutory authority or support in the record for dismissal of this case based upon the sole grounds urged by VWCJFS that "[t]he children are not at any immediate risk as they are all teenagers," in lieu of a proper disposition.

{¶ 29} Based on the foregoing, we find that the Van Wert County Juvenile Court erred in dismissing this case without conducting a hearing or entering a proper statutory disposition. Accordingly, MCJFS's first assignment of error is sustained.

## ASSIGNMENT OF ERROR NO. 2

The denial of appellant's motion to intervene was error.

{¶ 30} In its second assignment of error, MCJFS argues that the Van Wert County Juvenile Court erred in denying its motion to intervene.

{¶ 31} The standard of review of a denial of a motion to intervene is abuse of discretion. *Indiana Ins. Co. v. Murphy* (2006), 165 Ohio App.3d 812, 816, 848 N.E.2d 889, citing *In re Stapler* (1995), 107 Ohio App.3d 528, 531, 669 N.E.2d 77. An abuse of discretion constitutes more than an error of law or judgment and implies that the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140. When applying the abuse-of-discretion standard, a reviewing court may not simply substitute its judgment for that of the trial court. Id.

{¶ 32} In addressing MCJFS's motion to intervene, we are asked to examine the application of Civ.R. 24, which provides as follows.

(A) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of this state confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction that is the subject of the action and [he] is so situated that the disposition of the action may as a practical matter impair or impede [his] ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

{¶ 33} We note that because Civ.R. 24(A)(1) does not apply to the facts of the present case, our analysis as to whether MCJFS should have been permitted to intervene in this matter in Van Wert County shall be guided by Civ.R. 24(A)(2).

{¶ 34} In support of its motion to intervene, MCJFS argues that its interest in this matter is based upon its status as a public children services agency and its duty to provide for children in need of public care. MCJFS submits that the record demonstrates its interest in this case as it previously appeared before the Van Wert Juvenile Court concerning these children. Additionally, MCJFS notes that the Van Wert Juvenile Court served it with copies of its judgment entries as well as the February 5, 2007 order dismissing these cases.

{¶ 35} However, we note that MCJFS was dismissed as a party to this case by the Mercer County Juvenile Court on January 20, 2006, when the children were placed in the legal custody of the Mabrys. Finally, we note that the last time MCJFS even had control of these children was in April 2006 when the Mercer County Juvenile Court ordered that MCJFS was simply to provide *temporary care* for the children until transfer to VWCJFS could be arranged.

{¶ 36} Therefore, we find that although MCJFS may have an interest in the safety and well-being of children presently in its custody or under its control, because the supervision of these children was properly transferred to VWCJFS, MCJFS no longer has an interest related to the subject of this action pursuant to Civ.R. 24(A)(2). Accordingly, actions relating to this case, including the disposition of the action, are currently under the jurisdiction of the Van Wert County Juvenile Court and do not impede or impair any interest of MCJFS.[3]

{¶ 37} Therefore, we cannot find that the Van Wert County Juvenile Court acted unreasonably, arbitrarily, or unconscionably in denying MCJFS's motion to intervene. Accordingly, MCJFS's second assignment of error is overruled.

{¶ 38} Based on the foregoing, MCJFS's first assignment of error is sustained, the February 5, 2007 order of the Van Wert County Juvenile Court dismissing this case is reversed, and this matter is remanded for a proper disposition in accordance with the provisions contained in R.C. 2151.353. Additionally, MCJFS's second assignment of error is overruled, and the February 9, 2007 judgment entry of the Van Wert County Juvenile Court overruling Mercer's motion to intervene and motion to reconsider is affirmed.

Judgment affirmed in part
and reversed in part,
and cause remanded.

---

3. Frankly, we question whether the Mercer County Juvenile Court properly refused to accept transfer of this case from Van Wert County in January 2007. However, inasmuch as that judgment was never appealed and is not properly before us for review in any form, we are unable to address that issue.

WILLAMOWSKI, J., concurs.

ROGERS, P.J., concurs separately.

ROGERS, Presiding Judge, concurring separately.

{¶ 39} I write separately only to express my concerns as to the second assignment of error.

{¶ 40} It appears from the record that on Friday, February 2, 2007, the motion to intervene was filed by facsimile, and the juvenile court filed its entry of dismissal on Monday, February 5, 2007. It would appear that in its hurry to terminate these cases, the juvenile court did not consider the merits of the motion to intervene or was not actually aware of the motion to intervene prior to the filing of the entry of dismissal.

{¶ 41} On February 7, MCJFS filed a motion for reconsideration (as well as a request for hearing and for a stay pending appeal). It is well-settled law that a motion for reconsideration of a final judgment is a nullity. Therefore, the denial of such a motion need not be reviewed by an appellate court. However, upon remand, I would direct the juvenile court to review the motion to intervene to determine whether the MCJFS has an interest relating to the subject of the action, and whether that interest will be adequately represented by the existing parties. See Civ.R. 24(A).