[Cite as *In re D.H.*, 2011-Ohio-601.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

In the Matter of:          :          Case No. 10CA2
                           :
D.H.                       :
                           :          DECISION AND
                           :          JUDGMENT ENTRY
                           :
                           **RELEASED 01/25/11**
_____
APPEARANCES:

Robert W. Bright, STORY LAW OFFICE, Pomeroy, Ohio, for appellant R.L.T.

Jeff Adkins, GALLIA COUNTY PROSECUTOR, and Pat Story, GALLIA COUNTY
ASSISTANT PROSECUTOR, Gallipolis, Ohio, for appellee Gallia County Children's
Services.
_____
Harsha, P.J.

{¶1}     R.L.T. ("Mother") appeals the judgment of the Gallia County Court of

Common Pleas, Juvenile Division, entered on remand from this Court, on a dependency

complaint regarding her child D.H.  In her first appeal, Mother argued that the juvenile

court erred when it dismissed the complaint without making certain findings.  Under the

erroneous assumption that D.H. had been adjudicated a dependent child, we concluded

that the juvenile court could not dismiss the complaint unless it first found that the

problems that led Gallia County Children's Services ("GCCS") to file the complaint had

been resolved or sufficiently mitigated by a certain date.[1]  We remanded the matter and

instructed the juvenile court that "[i]f these problems had been resolved or mitigated, the

* * * court should journalize its findings in that regard and order the release of D.H. to

[Mother]."  *In re D.H.*, Gallia App. No. 09CA11, 2009-Ohio-6009, at ¶55.  If the court

found that the problems were not resolved or sufficiently mitigated, we instructed the

_____
[1] We discuss the impact of this error in Section III of this opinion.

court to make an "appropriate statutory disposition[,]" i.e. a R.C. 2151.353(A) disposition.  Id.

{¶2}    Now Mother contends that the juvenile court failed to properly follow our instructions.  On remand, the court found that the problems that led GCCS to file the complaint had been resolved or sufficiently mitigated, but then it merely noted that D.H. "should have been returned" to Mother and purported to transfer "pending" issues to the Monroe County Juvenile Court (which has also been exercising jurisdiction over the child).  However, the juvenile court should have dismissed the dependency complaint.  Then Mother would have regained custody of D.H. by operation of law for purposes of the Gallia County proceedings.  Thus, we reverse the juvenile court's judgment and remand so that the court can properly dismiss the case.

{¶3}    Mother also claims that the juvenile court erred when it "de facto" denied her various post-remand motions for custody.  She essentially contends that the court erred because it did not issue an order that explicitly ordered D.H. returned to her custody.  However, as we already explained, when the court issues a proper dismissal entry on our second remand, Mother will regain custody of D.H. by operation of law.

{¶4}    Next, Mother contends that the juvenile court erred when it "de facto" denied a Civ.R. 60(A) and 60(B) motion she filed post-remand to contest an April 2007 judgment entry.  Assuming Mother can rely on these Civil Rules in this juvenile court proceeding, it is unclear from the record whether the complained of error in the entry constitutes a clerical mistake subject to correction under Civ.R. 60(A).  Moreover, even if the entry constituted a "final judgment" for purposes of Civ.R. 60(B) and the court could grant Mother relief from it after the first appeal, the court never ruled on the

motion and lost jurisdiction to do so once Mother filed this appeal. Thus we have no judgment to consider.

{¶5} Finally, Mother complains that the court erred when it "de facto" denied a motion for reconsideration of and relief from the juvenile court's judgment entered on remand. Again, assuming the propriety of Mother's reliance on the Civil Rules in this instance, the "motion for reconsideration" is a nullity under those rules. Moreover, the juvenile court did not rule on the Civ.R. 60(B) motion and lost jurisdiction to do so once Mother filed this appeal. So again, there is no judgment on this issue for us to consider.

I. Facts

{¶6} Mother gave birth to D.H. on February 1, 2007. The next day, GCCS filed a dependency complaint in the Gallia County Court of Common Pleas, Juvenile Division, and the juvenile court granted GCCS an ex parte emergency temporary custody order. At the next hearing on February 5, 2007, the court continued emergency temporary custody with GCCS. Then the court set the matter for an adjudication hearing on March 12, 2007.

{¶7} On that date, the juvenile court issued an entry titled "DISPOSITIONAL HEARING." The court checked a box on this form entry indicating that GCCS retained temporary custody of D.H. However, the record provides no indication that an adjudication hearing occurred before the court issued this entry and contains no entry in which the court actually adjudicated D.H. as a dependent child. On April 10, 2007, the court issued an entry that terminated GCCS's custody and placed D.H. in the "[l]egal [c]ustody" of his paternal grandparents, K.H. and G.H. Then on February 20, 2009, the juvenile court dismissed the dependency complaint on the motion of Mother and the

State.  However, various orders of the Monroe County Juvenile Court have apparently

prevented Mother from regaining custody of D.H.

{¶8}    Mother appealed the Gallia County Juvenile Court's dismissal and its

rulings in various post-dismissal proceedings.  We overruled most of her assignments of

error, but sustained her second and fourth assignments of error, which involved the

following issues:

> In her second assignment of error, R.L.T. argues that the court erred in its
> February 20, 2009, journal entry of dismissal by failing to include a
> statement of the court's determination that the "original problems that led
> to the filing of the complaint were resolved or sufficiently mitigated" by
> R.L.T. and by failing to order D.H.'s return to her.  In a motion premised on
> Civ. R. 60(A), R.L.T. asked the court to correct its journal entry to insert
> that language, but the court denied this request. * * *  In denying the
> request for that language, the juvenile court characterized similar
> language appearing in *In [r]e Young Children* * * *, 76 Ohio St.3d 632,
> 1996-Ohio-45, 669 N.E.2d 1140, as "extraneous" and unnecessary.  In her
> fourth assignment of error, R.L.T. argues that this language is not
> "extraneous" and thus must be included in the dismissal.

*In re D.H.*, supra, at ¶28.

{¶9}    In analyzing these arguments, we assumed that the juvenile court had in

fact adjudicated D.H. as a dependent child prior to the dismissal.  We also treated the

February 2, 2007 ex parte emergency temporary custody order as a post-adjudication

temporary custody order under R.C. 2151.353(A) for purposes of R.C. 2151.353(F).

See *In re D.H.* at ¶34.  We explained that under R.C. 2151.353(F), the February 2, 2007

order terminated after one year, but the juvenile court still retained jurisdiction to make

an appropriate dispositional order.  *In re D.H.* at ¶34.

{¶10}  We further explained that once a juvenile court adjudicates a child as an

abused, neglected, or dependent child, R.C. 2151.353(A) presents six alternative orders

of disposition the court may enter.  *In re D.H.* at ¶40, citing *In re R.A.*, 172 Ohio App.3d

53, 2007-Ohio-2997, 872 N.E.2d 1284, at ¶28.  None of those alternative orders is a

simple dismissal.  *In re D.H.* at ¶40, citing *In re R.A.* at ¶28.  Moreover, we explained

that in *In re Young Children*, the Supreme Court of Ohio found that a juvenile court

erred when it concluded that it lost jurisdiction to enter a dispositional order after the

sunset date in R.C. 2151.353(F) passed.  There the Supreme Court held:

> Accordingly, we reverse the dismissal of this case and remand to the trial
> court for further proceedings to determine whether the problems that led to
> the filing of the * * * complaint had been resolved or sufficiently mitigated
> as of [the date] when the extended temporary custody order would have
> otherwise terminated.  If these problems had been resolved or mitigated,
> the court should terminate the temporary custody order and release the
> child to his mother.  If they had not, the court has discretion to make a
> further dispositional order pursuant to R.C. 2151.415 and our holding
> above.

*In re D.H.* at ¶30, quoting *In re Young Children* at 639.

{¶11}  Based on these authorities and our assumption that D.H. had been

adjudicated a dependent child, we concluded that the juvenile court could not enter a

simple dismissal in D.H.'s case.  We held that "the juvenile court erred when it

dismissed this case without journalizing an express determination concerning whether

the issues that led to the filing of the dependency complaint were resolved or sufficiently

mitigated * * *."  *In re D.H.* at ¶44.  We remanded the matter for the juvenile court to

"determine whether the problems that led to the filing of the February 2, 2007, complaint

had been resolved or sufficiently mitigated as of February 2, 2008, when the temporary

custody order would have otherwise terminated."  *In re D.H.* at ¶55.  We instructed the

court that "[i]f these problems had been resolved or mitigated, the juvenile court should

journalize its findings in that regard and order the release of D.H. to R.L.T.  If that is not

the case, the court should make an appropriate statutory disposition[,]" i.e. a R.C.

2151.353(A) disposition. *In re D.H.* at ¶55.

{¶12} After a hearing, the juvenile court issued the following judgment on February 5, 2010:

1. This Court finds that problems that led to the necessity of a temporary custody order had been resolved or sufficiently mitigated as of February 2nd, 2008;

2. The Court, having made the finding that those problems had been resolved or sufficiently mitigated finds hereby Orders [sic] that D.H. should have been returned to the mother;

3. However, in a March 20[th], 2009, hearing in the Monroe County Juvenile Court * * * the mother and father agreed that the Monroe County Juvenile Court had jurisdiction (see attached entry). The mother and father also agreed at that hearing that D.H. should be in the legal custody of the grandparents * * *;

4. This Court has communicated with the Monroe County Juvenile Court and believe[s] that it is [a] more convenient forum to litigate all the custodial and visitation issues of D.H.;

5. This Court transfers all custodial issues and visitation issues pending in the Gallia County Juvenile Court to the Monroe County Juvenile Court for further disposition based on that court being the more convenient forum and the fact all parties previously agreed to jurisdiction there.

{¶13} Mother appealed from this judgment before the juvenile court explicitly ruled on various post-remand motions the parties filed, including Mother's: 1.) motions for custody; 2.) Civ.R. 60(A) and 60(B) motion on the juvenile court's April 10, 2007 entry; and 3.) motion for reconsideration of and relief from the February 5, 2010 judgment.

## II. Assignments of Error

{¶14} Mother assigns the following errors for our review:

1. The Juvenile Court erred in not complying with the Court of Appeals' order and ***In re Young*** by refusing to return the minor child to his Mother after the Juvenile Court properly found that the problems which led to the filing of the Complaint had been resolved or sufficiently mitigated.

2.      The Juvenile Court erred in *de facto* denying the **NATURAL MOTHER [R.L.T.'S] MOTION FOR CUSTODY** and the related **NATURAL MOTHER [R.L.T.'S] AMENDED MOTION TO RESCIND, TERMINATE OR MODIFY THE PRIOR DISPOSITIONAL ORDER AND MOTION FOR LEGAL CUSTODY.**

3.      The Juvenile Court erred in *de facto* denying the **NATURAL MOTHER [R.L.T.'S] MOTION FOR RELIEF FROM JUDGMENT UNDER CIVIL RULE 60(A) AND 60(B)(5) RE: MARCH 12, 2007 DISPOSITIONAL ORDER AND MOTION TO RESCIND AND/OR TERMINATE PRIOR DISPOSITIONAL ORDER DATED MARCH 12, 2007.**

4.      The Juvenile Court erred in *de facto* denying the **NATURAL MOTHER [R.L.T.'S] MOTION IN LIMINE TO EXCLUDE CERTAIN EVIDENCE AND DISCUSSION OF RELEVANT AND ADMISSIBLE EVIDENCE IN THIS CASE.**

5.      The Juvenile Court erred in *de facto* denying the **NATURAL MOTHER [R.L.T.'S] MOTION FOR CUSTODY.**

6.      The Juvenile Court erred in *de facto* denying the **NATURAL MOTHER [R.L.T.'S] MOTION FOR RELIEF FROM JUDGMENT UNDER CIVIL RULE 60(A) AND 60(B)(5) RE: APRIL 10, 2007 ENTRY.**

7.      The Juvenile Court erred in *de facto* denying the **NATURAL MOTHER [R.L.T.'S] MOTION TO RECONSIDER AND MOTION FOR RELIEF FROM JUDGMENT UNDER CIVIL RULE 60(B)(5).**

Mother has withdrawn her third, fourth, and fifth assignments of error, so we will not address them.

### III.  Error in First Appeal

**{¶15}**  Before we address the merits of this appeal, we must address an error in our decision on Mother's first appeal.  In reviewing this case for a second time, we realized that the juvenile court never adjudicated D.H. as a dependent child.  Thus, there appears to be no reason why the juvenile court could not enter a simple dismissal of the dependency complaint on February 20, 2009, particularly when both GCCS and

Mother requested the dismissal.  The court did not have to find that the problems that led GCCS to file the complaint had been resolved or sufficiently mitigated, and Mother should have regained custody of D.H. by operation of law upon entry of the dismissal. Thus, we should have overruled Mother's second and fourth assignments of error – not sustained them and remanded for further proceedings.

**{¶16}**  We notified the parties of this error and explained that we questioned the juvenile court's jurisdiction to follow our remand instructions and our own jurisdiction to consider the merits of the present appeal, e.g. if the court had concluded on remand that the problems that led GCCS to file the complaint had not been resolved or sufficiently mitigated, would the court have jurisdiction to enter a R.C. 2151.353(A) disposition as we instructed?  Mother argued that she presumably waived any right to an adjudicatory hearing, and since none of the parties complained about the issue, she urged this Court to decide the merits of the present appeal.  GCCS directed this court to our decision in *In re Nibert*, Gallia App. No. 04CA15, 2005-Ohio-2797 (per curiam).  In that dependency case, the juvenile court granted GCCS' request for permanent custody of a child without first adjudicating the child as dependent.  Id. at ¶17.  We held the court erred in this regard.  See id. at ¶¶17-19.  However, we did not mention any jurisdictional problems with the permanent custody award, i.e. we did not find that the court lacked jurisdiction to issue the award in the absence of an adjudication.  Instead we found that "[o]mitting the adjudicatory hearing from the process is a substantial deprivation of a parent's due process rights and renders the process fundamentally unfair."  Id. at ¶18.  Based on that holding, we conclude that while our prior decision and remand instructions to the juvenile court may have raised due process concerns, they

did not create a jurisdictional problem that impacts the present appeal. In other words, we are confronted with an error in the exercise of jurisdiction, not its absence.

{¶17} And although we recognize our error in deciding Mother's first appeal, we lack jurisdiction to alter our prior decision. None of the parties timely filed an App.R. 26(A) application for reconsideration of the decision or an appeal with the Supreme Court of Ohio. And because the time for appeal has expired, this Court may no longer exercise its inherent authority to sua sponte reconsider its own decision. See *State ex rel. LTV Steel Co. v. Gwin*, 64 Ohio St.3d 245, 249-250, 1992-Ohio-20, 594 N.E.2d 616 (per curiam). Our prior judgment is binding. See id. Accordingly, and with apologies to the trial court, we must proceed as if that judgment was correct and consider the merits of this appeal.

### IV. Release of D.H. to Mother

{¶18} In her first assignment of error, Mother contends that the juvenile court failed to properly follow our remand instructions. After a hearing, the court found that the problems that led GCCS to file the dependency complaint had been resolved or sufficiently mitigated. But instead of dismissing the case, the Court noted that D.H. "should have been returned to [Mother]" and then transferred "all custodial issues and visitation issues" pending before it to the Monroe County Juvenile Court.

{¶19} Mother complains that the court should have ordered D.H.'s return to her. Mother also complains that the court erred when it found that she consented to jurisdiction in Monroe County and found that Monroe County was a "more convenient forum to litigate all the custodial and visitation issues of D.H." We agree that the juvenile court erred in its judgment entered on remand, but for different reasons than

Mother suggests.

{¶20} Once the court concluded that the problems that led GCCS to file the complaint had been resolved or sufficiently mitigated, the court should have simply dismissed the dependency action, as it originally intended to do in February 2009. And although we acknowledge that our remand instructions might be read to imply otherwise, once the juvenile court properly dismissed the complaint, it did not have to issue an explicit order to return D.H. to Mother's custody. See *In re D.H.*, supra, at ¶¶44, 55. Mother would have been entitled to custody of D.H. for purposes of the Gallia County case by operation of law. Moreover, had the court properly dismissed the complaint, there would be no pending "custodial issues and visitation issues" for the court to transfer to the Monroe County Juvenile Court.

{¶21} Accordingly, we sustain Mother's first assignment of error. We reverse the juvenile court's February 5, 2010 judgment and remand with instructions for the court to dismiss the dependency action. And although the juvenile court need not explicitly order D.H.'s return to Mother in the dismissal entry, we encourage the court to include this language in the entry for the sake of clarity.

{¶22} However, we must stress that this decision will not have the impact Mother anticipates. From her arguments, it is apparent that Mother believes that if she obtains a favorable judgment in this case, that judgment will automatically supersede any orders the Monroe County Juvenile Court has issued regarding D.H. Even though Mother is clearly entitled to custody of D.H. for purposes of these Gallia County proceedings, that does not change the fact that the Monroe County Juvenile Court is presently exercising jurisdiction over the child and has apparently issued orders that impact her custody

rights.  Whether Mother can successfully challenge the Monroe County Juvenile Court's

jurisdiction to enter orders regarding D.H.'s custody is not a matter for this Court.

### V.  Post-Remand Motions for Custody

**{¶23}**  In her second assignment of error, Mother argues that the juvenile court

erred when it "de facto" denied her post-remand "Motion for Custody" and "Amended

Motion to Rescind, Terminate or Modify the Prior Dispositional Order and Motion for

Legal Custody."  Mother makes little effort to expound on this assignment of error aside

from a statement that she "will primarily depend upon the arguments within this appeal

and those motions rather than rehashing the entire argument here."  (Appellant's Br.

15.)  However, the Rules of Appellate Procedure do not allow parties to incorporate by

reference into their briefs arguments from other sources.  *Thomas v. Vesper*, Ashland

App. No. 02 COA 20, 2003-Ohio-1856, at ¶31.  "Pursuant to App.R. 16, arguments are

to be presented within the body of the merit brief.  Therefore, we will disregard any

argument not specifically and expressly addressed in the appellate briefs."  Id., quoting

*Willow Park Convalescent Home, Inc. v. Crestmont Cleveland Partnership*, Cuyahoga

App. Nos. 81147 & 81259, 2003-Ohio-172, at ¶73.

**{¶24}**  It is not clear from the record whether the juvenile court thought that it

ruled on these motions when it issued the February 5, 2010 judgment entry or whether it

considered these motions to be part of the pending "custodial issues and visitation

issues" it purported to transfer to the Monroe County Juvenile Court.  In any event, the

real crux of Mother's second assignment of error is that the juvenile court erred because

it did not issue an order that explicitly returned D.H. to her custody.  In deciding

Mother's first assignment of error, we already concluded that once the court dismisses

this action, it is advisable, but not required, that the court issue an explicit order returning D.H. to Mother.  Because that result follows as a matter of law, we overrule Mother's second assignment of error.

### VI.  Motion for Relief from April 10, 2007 Judgment

**{¶25}**  In her sixth assignment of error, Mother contends that the juvenile court erred when it "de facto" denied her post-remand "Motion for Relief from Judgment Under Civil Rule 60(A) and 60(B)(5) Re: April 10, 2007 Entry."  In this motion, Mother argued that the juvenile court erred when it awarded the grandparents "legal custody" of D.H. in the April 2007 entry.  Mother argues that the juvenile court made a clerical mistake subject to correction under Civ.R. 60(A) and meant to say that the grandparents had "temporary custody" of D.H.  Alternatively, Mother argues that if the juvenile court actually intended to award the grandparents legal custody, it improperly did so, entitling her to relief from that judgment under Civ.R. 60(B).  We will assume without deciding that Mother appropriately relies on these Civil Rules in this instance.  See Juv.R. 1(A) (stating that the Ohio Rules of Juvenile Procedure "prescribe the procedure to be followed in all juvenile courts of this state in all proceedings coming within the jurisdiction of such courts * * *."); Juv.R. 45(B) ("If no procedure is specifically prescribed by these rules or local rule, the court shall proceed in any lawful manner not inconsistent with these rules or local rule.")

**{¶26}**  Under Civ.R. 60(A) "[c]lerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time on its own initiative or on the motion of any party and after such notice, if any, as the court orders."  During the pendency of an appeal, after the appeal

is docketed with the appellate court, such mistakes can be corrected with leave of the appellate court. Civ.R. 60(A). Here, the juvenile court never ruled on the Civ.R. 60(A) motion, nor has anyone sought our leave to correct any clerical mistake in the entry. Moreover, as Mother's argument seems to acknowledge, is not clear from the record whether the court's use of the phrase "legal custody" instead of "temporary custody" constitutes a pure clerical error subject to correction pursuant to Civ.R. 60(A). Thus we must reject this argument.

{¶27} Under Civ.R. 60(B), "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding" under certain circumstances. Again, the court never ruled on Mother's motion. Even if we assume that the April 10, 2007 entry constituted a "final judgment" and that the court had jurisdiction to grant Mother "relief" from it after the first appeal, the juvenile court clearly lost any jurisdiction it had to consider the motion once Mother filed this appeal. See *State ex rel. Rogers v. Marshall*, Scioto App. No. 05CA3004, 2008-Ohio-6341, at ¶30, citing *Howard v. Catholic Social Services of Cuyahoga Cty., Inc.*, 70 Ohio St.3d 141, 147, 1994-Ohio-219, 637 N.E.2d 890 (per curiam) ("[O]nce an appeal is filed, the trial court loses jurisdiction to consider a Civ.R. 60(B) motion unless the appellate court remands the case for the purpose of granting the trial court jurisdiction to decide the motion."). Mother never asked us to remand the case so that the juvenile court could consider this motion. Thus, there is no judgment for us to evaluate. Moreover, we fail to see any benefit Mother can obtain from challenging the April 10, 2007 entry at this juncture based on our resolution of her first assignment of error. We overrule Mother's sixth assignment of error.

VII.  Motion for Reconsideration of and Relief from February 5, 2010 Judgment

{¶28}  In her seventh assignment of error, Mother argues that the juvenile court erred when it "de facto" denied her "Motion to Reconsider and Motion for Relief from Judgment Under Civil Rule 60(B)(5)."  This motion dealt with the court's judgment entered on remand from this court, i.e. the February 5, 2010 judgment entry.  We again assume without deciding that Mother appropriately relies on the Civil Rules in this instance.  See Juv.R. 1(A); Juv.R. 45(B).

{¶29}  Mother makes little effort to expound on this assignment of error and vaguely refers us to other arguments in her appellate brief.  Regardless, the Civil Rules do not provide for motions for reconsideration of final judgments, so Mother's motion for reconsideration is a nullity.  *Pitts v. Ohio Dept. of Transp.* (1981), 67 Ohio St.2d 378, 379-380, 423 N.E.2d 1105.  Moreover, the juvenile court lost jurisdiction to consider the Civ.R. 60(B) motion once Mother filed this appeal.  See *State ex rel. Rogers*, supra, at ¶30, citing *Howard*, supra, at 147. Mother never asked us to remand the case so that the juvenile court could consider this motion.  Thus, there is no judgment for us to evaluate.  Finally, our resolution of Mother's first assignment of error effectively renders her Civ.R. 60(B) motion moot.  We overrule this assignment of error.

VIII.  Conclusion

{¶30}  We overrule Mother's second, sixth, and seventh assignments of error. Mother withdrew her third, fourth, and fifth assignments of error, so we need not address them.  We sustain Mother's first assignment of error and remand this matter to the trial court with instructions to dismiss the dependency complaint.

JUDGMENT AFFIRMED IN PART,
REVERSED IN PART,

AND CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED IN PART AND REVERSED IN PART and that the CAUSE IS REMANDED.  Appellant and Appellee shall split the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court, Juvenile Division to carry this judgment into execution.

Any stay previously granted by this Court is hereby terminated as of the date of this entry.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.  Exceptions.

Abele, J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


_____
William H. Harsha, Presiding Judge




**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**