[Cite as *In re A.S.*, 2020-Ohio-5186.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

IN RE A.S.                                          :

A Minor Child                              :                    No. 109292

[Appeal by Cuyahoga County Division
of Children and Family Services]          :

_____

JOURNAL ENTRY AND OPINION

**JUDGMENT:** REVERSED AND REMANDED
**RELEASED AND JOURNALIZED:** November 5, 2020

_____

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. AD 18901106

_____

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Adam R. Waller, Assistant Prosecuting Attorney, *for appellant.*

Thomas Rein, *for appellee,* mother.

SEAN C. GALLAGHER, P.J.:

{¶ 1} Appellant Cuyahoga County Division of Children and Family Services ("CCDCFS" or "the agency") appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division ("juvenile court"), that

terminated the order of temporary custody and dismissed the action. Upon review, we reverse the decision of the juvenile court and remand the matter for the juvenile court to conduct a hearing and enter a dispositional order in accordance with the best interest of the child.

{¶ 2} On January 25, 2018, CCDCFS filed a complaint for neglect and dependency due to concerns regarding the child's mother with inadequate housing, mental health, substance abuse, and anger management. The child was adjudicated neglected and dependent and was committed to the temporary custody of CCDCFS. CCDCFS claims that mother did not comply with case plan objectives, failed to follow through with recommendations, and did not consistently visit the child.

{¶ 3} In October 2018, CCDCFS filed a motion to modify temporary custody to permanent custody, but later withdrew the request. In July 2019, CCDCFS filed a motion for an extension of temporary custody. The juvenile court extended temporary custody until November 19, 2019. The matter was set for a review hearing on October 23, 2019, but the hearing was continued because CCDCFS had not filed a dispositional motion. The juvenile court continued the matter "to allow the Agency to hold a staffing and file a timely post dispositional motion."

{¶ 4} A hearing was held on November 18, 2019, at which time CCDCFS had yet to file a dispositional motion. The assistant prosecuting attorney,

counsel for the child's mother, the social worker, the guardian ad litem for the mother, and the guardian ad litem for the child were present at the hearing. The juvenile court magistrate noted the agency still had not filed a post-dispositional motion and indicated that "there's no sense of urgency on the part of the Agency to comport with the statute." CCDCFS acknowledged that the agency's actions were not in the best interest of the child and conceded that no motion had been filed due to "[a] serious oversight." The magistrate determined that the order of temporary custody would terminate, that the case expired by operation of law, and that the case was closed. Although CCDCFS filed a motion to modify temporary custody to permanent custody after the hearing occurred, the motion was deemed moot. CCDCFS filed objections to the magistrate's decision.

{¶ 5} Thereafter, the juvenile court issued a decision that overruled the objections and adopted the magistrate's decision. The juvenile court made findings consistent with the record, determined that the matter expired by operation of law on November 19, 2019, and terminated the order of temporary custody.

{¶ 6} CCDCFS has appealed the juvenile court's decision. It raises three assignments of error that claim the juvenile court erred by (1) dismissing the case prior to the sunset date when appellant filed a timely motion, (2) failing to take into consideration the best interest of the child and to issue an

appropriate dispositional order as required by law, and (3) dismissing CCDCFS's motion to modify temporary custody to permanent custody. CCDCFS argues that the juvenile court's decision terminating temporary custody of the child is contrary to R.C. 2151.415(D)(2) and (3) and established case law, that the juvenile court's decision should be reversed, and that CCDCFS's motion to modify temporary custody to permanent custody should be reinstated for further hearing.

{¶ 7} R.C. 2151.353 sets forth the orders of disposition that may be made when a child is adjudicated an abused, neglected, or dependent child. In this case, the child was committed to the temporary custody of CCDCFS. R.C. 2151.353(G) establishes the "sunset date" upon which such an order shall terminate and provides, in pertinent part, as follows:

> Any temporary custody order issued pursuant to division (A) of this section shall terminate one year after the earlier of the date on which the complaint in the case was filed or the child was first placed into shelter care, except that, upon the filing of a motion pursuant to section 2151.415 of the Revised Code, the temporary order shall continue and not terminate until the court issues a dispositional order under that section.

{¶ 8} R.C. 2151.415(A) sets forth six dispositional orders that may be issued prior to the termination of the temporary custody order. With the exception of cases in which a motion for permanent custody described in R.C. 2151.413(D)(1) is required to be made, R.C. 2151.415(A) instructs that a public children services agency that has been given temporary custody of a child

pursuant to R.C. 2151.353 must file a motion "not later than thirty days prior to the earlier of the date for the termination of the custody order * * * or the date set at the dispositional hearing for the hearing to be held pursuant to this section" that requests one of the listed orders of disposition be issued by the court. Among the other orders of disposition that may be requested are "[a]n order permanently terminating the parental rights of the child's parents" and "[a]n order for the extension of temporary custody" in accordance with R.C. 2151.415(D). R.C. 2151.415(A)(4) and (6).

{¶ 9} Upon the filing of a motion pursuant to R.C. 2151.415(A), the juvenile court is required to hold a dispositional hearing pursuant to R.C. 2151.415(B) and is required "in accordance with the best interest of the child as supported by the evidence presented at the dispositional hearing" to issue an order of disposition. R.C. 2151.415(B).

{¶ 10} If, in accordance with R.C. 2151.415(D)(1), the court extends the temporary custody order of the child for a period of up to six months, then pursuant to R.C. 2151.415(D)(2), the agency is to file a motion for a dispositional order prior to the expiration of the extension period. However, R.C. 2151.415(D)(2) further provides that whether the agency requests an order or disposition "or does not file any motion prior to the expiration of the extension period, *the court shall conduct a hearing in accordance with division (B) of this*

*section and issue an appropriate order of disposition.*" (Emphasis added.) *See also* R.C. 2151.415(D)(3) (similarly worded).

{¶ 11} In this case, temporary custody of the child was extended to November 19, 2019. Although CCDCFS had not filed a motion prior to the hearing set for November 18, 2019, pursuant to R.C. 2151.415(D)(2) and (3), the juvenile court was required to conduct a hearing in conformity with R.C. 2151.415(B) and issue an appropriate order of disposition in accordance with the best interest of the child.

{¶ 12} As the Supreme Court of Ohio has held, although temporary custody is terminated upon the passing of the sunset date when no motion is filed pursuant to R.C. 2151.415(A), "the passing of the sunset date * * * does not divest juvenile courts of jurisdiction to enter dispositional orders." *In re Young*, 76 Ohio St.3d 632, 637, 1996-Ohio-45, 669 N.E.2d 1140. Moreover, "because the court retains jurisdiction over the child, it may make further dispositional orders as it deems necessary to protect the child" and where "the problems that led to the original grant of temporary custody have not been resolved or sufficiently mitigated, courts have the discretion to make a dispositional order in the best interests of the child." *Id.* at 638. In *Young*, the Supreme Court reversed the dismissal of the case and remanded the matter to the juvenile court for further proceedings to determine whether the problems that led to the temporary custody order had been resolved or mitigated. *Id.* at 639. The court

indicated that if the problems had been resolved or mitigated, then the child should be returned to his mother, but if not, then the court has the power to make a further dispositional order under R.C. 2151.415. *Id.*

{¶ 13} Consistent with *Young*, it has been held that a simple dismissal is not an appropriate disposition for a juvenile court to enter when a child has previously been adjudicated abused, neglected, or dependent. *In re R.A.*, 172 Ohio App.3d 53, 2007-Ohio-2997, 872 N.E.2d 1284, ¶ 63 (3d Dist.); *see also In re D.H.*, 4th Dist. Gallia No. 09CA11, 2009-Ohio-6009, ¶ 44 (finding juvenile court erred when it dismissed the case without journalizing an express determination); *In re E.M.*, 8th Dist. Cuyahoga No. 79249, 2001 Ohio App. LEXIS 5011, 24-25 (Nov. 8, 2001) (recognizing the statutory time limitations contained in R.C. 2151.353(F) are directory rather than mandatory and the passing of the statutory deadlines does not divest the judge of jurisdiction to render an appropriate dispositional order).

{¶ 14} Accordingly, we find the juvenile court erred in dismissing this case simply because the temporary custody order was about to expire and no motion had been filed by CCDCFS prior to the hearing, which was held a day before the sunset date.[1]  In accordance with *Young*, the juvenile court has continuing jurisdiction over the child and must determine whether the problems

---

[1]  We note that the motion would have been timely since it was filed before the expiration of the extension period.

that led to the original grant of temporary custody have been resolved or sufficiently mitigated. Therefore, we reverse the decision of the juvenile court to dismiss the case and we remand the matter to the juvenile court for further proceedings. Upon remand, the juvenile court is instructed to reinstate the motion of CCDCFS to modify temporary custody to permanent custody and the court shall conduct a hearing and issue an appropriate order of disposition in accordance with the best interest of the child.

{¶ 15} Judgment reversed. Case remanded for further proceedings consistent with this opinion.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, PRESIDING JUDGE

ANITA LASTER MAYS, J., and
MARY EILEEN KILBANE, J., CONCUR